ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 14 2003

LUTH... , Clerk
By: J. Orig, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIG INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL WRESTLING CORP., INC. f/k/a WORLD CHAMPIONSHIP WRESTLING, INC., TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC. SIDNEY R. EUDY, and JOHNNY LAURINAITIS,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1 03 CV 2096 **-HTW** |

## ANSWER OF UNIVERSAL WRESTLING CORPORATION f/k/a WORLD CHAMPIONSHIP WRESTLING, INC.

COMES NOW Universal Wrestling Corporation f/k/a World Championship Wrestling, Inc. (incorrectly named in the style of this lawsuit as "Universal Wrestling Corp., Inc." and hereinafter referred to as "WCW"), Defendant in the above-styled action, and files this Answer to the Complaint for Declaratory Judgment, showing this Honorable Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim on which relief can be granted.

1

**SECOND AFFIRMATIVE DEFENSE**

Jurisdiction and venue in this Court are improper, and this case should therefore be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

Concurrent with filing this Answer, Defendant is withdrawing without prejudice its request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy before this Court and this Complaint should therefore be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

Responding particularly to Plaintiff's allegations contained in the specific Paragraphs, Defendant responds as follows:

**PARTIES**

1.

Defendant lacks information sufficient to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore must respectfully deny same.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint, except that Defendant denies

that Universal Wrestling Corporation's proper name is "Universal Wrestling Corp. Inc." and denies that its principal place of business is in New York.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint, except that Defendant denies that Turner Sports, Inc.'s principal place of business is in New York.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint, except that Defendant denies that Turner Entertainment Group, Inc.'s principal place of business is in New York.

5.

Defendant admits that Defendant Sidney R. Eudy (hereinafter "Eudy") entered into contracts with World Championship Wrestling, Inc. Defendant further admits that Defendant Eudy has filed a lawsuit alleging liability against WCW and other defendants in the Superior Court of Fulton County, Georgia. Defendant lacks information sufficient to either admit or deny whether Defendant Eudy is a resident of Arkansas or where the contract was entered

into, and therefore must respectfully deny same. Defendant denies all other allegations contained in Paragraph 5 of Plaintiff's Complaint not expressly admitted herein.

6.

This Defendant lacks information sufficient to either admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore must respectfully deny the same.

### JURISDICTION AND VENUE

7.

Defendant lacks information sufficient to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore must respectfully deny same. By way of further explanation, this Defendant lacks information regarding the citizenship of certain of the other Defendants, such that this Defendant cannot state whether there is complete diversity or not.

8.

Defendant admits that Defendant Eudy's underlying lawsuit seeks damages exceeding $75,000, but denies that Defendant Eudy is entitled to any of the relief prayed for in that lawsuit. Defendant denies that there is a controversy between the parties, as Defendant in its Answer

has withdrawn without prejudice its request for coverage from Plaintiff for the underlying lawsuit. Defendant denies all other allegations contained in Paragraph 8 of Plaintiff's Complaint not specifically admitted herein.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint. By way of further explanation, Defendant in its Answer has withdrawn without prejudice its request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy between the parties and therefore no jurisdiction under 28 U.S.C. § 2201. Regarding 28 U.S.C. § 1332, Defendant lacks sufficient information regarding the citizenship of certain of the other Defendants, such that this Defendant cannot state whether there is complete diversity or not.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint. By way of further explanation, Defendant in its Answer has withdrawn without prejudice its request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable

controversy between the parties and no proper venue before this Court. Further, Defendant lacks sufficient information regarding the citizenship of certain of the other Defendants sufficient to admit or deny the other facts relevant to the determination of venue.

11.

Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint, except that Defendant does not have sufficient information to admit or deny whether Defendant Eudy or Defendant Laurinaitis is subject to the personal jurisdiction of this Court and must therefore deny same. Defendant denies all other allegations contained in Paragraph 11 of Plaintiff's Complaint not expressly admitted herein.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

**RELATIONSHIP BETWEEN EUDY AND WCW**

13.

Defendant admits that Eudy provided wrestling services for WCW pursuant to a written contract with WCW, a true and complete copy of which is attached to the Complaint as

Exhibit "A." Defendant denies the Complaint's description of that Agreement as the "Employment Agreement." The Agreement is expressly termed the "Independent Contractor Agreement." Defendant denies all other allegations contained in Paragraph 13 of Plaintiff's Complaint not expressly admitted herein.

14.

The terms of the Independent Contractor Agreement between Eudy and WCW speak for themselves as to content and legal effect, and Defendant denies all allegations contained in Paragraph 14 of Plaintiff's Complaint that are inconsistent with the provisions of that Agreement.

15.

In answer to Paragraph 15 of the Plaintiff's Complaint, this Defendant admits that its relationship with Eudy was governed by the terms of the Independent Contractor Agreement and that his wrestling activities were conducted pursuant to scripts and that these scripts and the Independent Contractor Agreement speak for themselves as to content and legal effect. Defendant denies all allegations contained in Paragraph 15 of Plaintiff's Complaint that are inconsistent with the provisions of the Independent

Contractor Agreement or the scripts.

16.

The terms of the Independent Contractor Agreement between Eudy and WCW speak for themselves as to content and legal effect, and Defendant denies all allegations contained in Paragraph 16 of Plaintiff's Complaint that are inconsistent with the provisions of that Agreement.

17.

The terms of the Independent Contractor Agreement between Eudy and WCW speak for themselves as to content and legal effect, and Defendant denies all allegations contained in Paragraph 17 of Plaintiff's Complaint that are inconsistent with the provisions of that Agreement.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

**UNDERLYING LAWSUIT**

19.

Regarding the first sentence contained in Paragraph 19 of Plaintiff's Complaint, Defendant admits only that Defendant Eudy suffered a leg injury on January 14, 2001. Regarding the allegation that said injury occurred while

Defendant Eudy was performing a maneuver scripted by WCW, Defendant states that the script is a written document which speaks for itself as to content and legal effect, and Defendant denies this allegation to the extent it is inconsistent with or contrary to that script. Regarding the second sentence contained in Paragraph 19 of Plaintiff's Complaint, based upon information and belief Defendant believes that Eudy received workers' compensation benefits from TIG, but Defendant denies the remaining allegations contained in the second sentence as stated. Defendant denies all other allegations contained in Paragraph 19 of Plaintiff's Complaint not expressly admitted herein.

20.

Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

On information and belief, Defendant admits that Eudy filed an amended complaint in the underlying lawsuit. Defendant denies that the amended complaint was not tendered

to TIG for coverage and denies all other allegations contained in Paragraph 22 of Plaintiff's Complaint not expressly admitted herein.

23.

Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

### **TIG'S COVERAGE DECISIONS**

25.

Defendant admits that WCW tendered the initial complaint to TIG for coverage, pursuant to its commercial general liability policy, one of which provided coverage for the policy period April 1, 2000 to April 1, 2001, bearing policy no. T0003796479902. Defendant lacks sufficient information to either admit or deny whether a true and complete copy of the CGL policy is attached to the Complaint as Exhibit "D" and therefore must respectfully deny same. Defendant denies all other allegations contained in Paragraph 25 of Plaintiff's Complaint not expressly admitted herein.

26.

Defendant admits that it received a copy of the letter attached to Plaintiff's Complaint as Exhibit "E." Defendant lacks information to either admit or deny the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore must respectfully deny same. Defendant further states that the referenced policy and the letter attached to Plaintiff's Complaint as Exhibit "E" are written documents which speak for themselves as to content and legal effect, and Defendant specifically denies all allegations contained in Paragraph 26 of Plaintiff's Complaint that are inconsistent with the provisions of those documents.

27.

Defendant admits that it tendered the Second Amended Complaint to Plaintiff for coverage. Defendant further admits that it received the copy of the reservation of rights letter attached to Plaintiff's Complaint as Exhibit "F." Defendant lacks information sufficient to either admit or deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore must respectfully deny same. Defendant further states that the letter

attached to Plaintiff's Complaint as Exhibit "F" is a written document which speaks for itself as to content and legal effect, and Defendant specifically denies all allegations contained in Paragraph 27 of Plaintiff's Complaint that are inconsistent with the provisions of that document.

**PERTINENT POLICY PROVISIONS**

28.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 28 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

29.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 29 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

30.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 30 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

31.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 31 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

32.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 32 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

33.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 33 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

34.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 34 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

35.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained

in Paragraph 35 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

36.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 36 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

**RELIEF SOUGHT**

37.

Plaintiff's Complaint speaks for itself in terms of the declaration Plaintiff seeks in this lawsuit. Defendant denies all allegations contained in Paragraph 37 of Plaintiff's Complaint not expressly admitted herein.

38.

To the extent a response to this "Wherefore" paragraph is required, Defendant denies all allegations contained in Paragraph 38 of Plaintiff's Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant denies all other allegations contained in Plaintiff's Complaint not expressly admitted or addressed above. Defendant denies that Plaintiff is entitled to any of the relief prayed for in the Complaint or to any other or further relief from the Court.

WHEREFORE, Defendant requests that it be discharged from this case with judgment granted in its favor and with all costs cast upon Plaintiff, and that it have such other and further relief as allowed by law.

This 14th day of August, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Mark T. Dietrichs*
Mark T. Dietrichs
Georgia Bar No. 221722

*/s/ Thomas D. Martin*
Thomas D. Martin
Georgia Bar No. 475535

*/s/ Brian M. Leepson*
Brian M. Leepson
Georgia Bar No. 444758

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **Answer OF Universal Wrestling Corp., Inc. f/k/a World Championship Wrestling, Inc.** upon on all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

    Philip W. Savrin
    W. Mark Weaver
    Suite 1600
    100 Galleria Parkway
    Atlanta, Georgia 30339-5948
    *Attorneys for TIG Insurance Company*

This 14th day of August, 2003.

                        Respectfully submitted,

                        SWIFT, CURRIE, McGHEE & HIERS

                        Brian M. Leepson
                        Georgia Bar No. 444758

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

- 16 -

1166238v1