ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 6 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

TIG INSURANCE COMPANY,          :
                                :
        Plaintiff,              :
                                :
v.                              :     CIVIL ACTION FILE
                                :     NO. 1:03-CV-2096-HTW
UNIVERSAL WRESTLING CORP.,      :
INC. f/k/a WORLD CHAMPIONSHIP   :
WRESTLING, INC., TURNER         :
SPORTS, INC., TURNER            :
ENTERTAINMENT GROUP, INC,       :
SIDNEY R. EUDY, and JOHNNY      :
LAURINAITIS,                    :
                                :
        Defendants.             :

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did not failed to do, and a succinct statement of the legal issues in the case.

**RESPONSE:**

### A.  Cause of Action

This is a complaint for declaratory judgment to determine what, if any, obligations TIG Insurance has to defend and/or indemnify Universal Wrestling Corp., Turner Sports, Turner Entertainment, and Johnny Laurinaitis in a lawsuit brought by Sidney Eudy.

*10*

**B.  Outline of Facts**

Sidney Eudy wrestled professionally for World Championship Wrestling, Inc., now known as Universal Wrestling Corporation (UWC), pursuant to an employment agreement.  On January 14, 2001, Eudy injured his left leg during a WCW wrestling match. At the time of the injury, WCW was a division of Turner Sports, Inc, which was a division of Turner Entertainment Group, Inc. Eudy filed a lawsuit in the Superior Court of Fulton County against UWC, Turner Sports, Inc. and Turner Entertainment Group, Inc. seeking to recover under common law theories for the injuries he allegedly received on January 14, 2001.

UWC tendered Eudy's complaint to TIG for coverage pursuant to a commercial general liability policy ("CGL policy") issued for the policy period April 1, 2000 to April 1, 2001.  After reviewing Eudy's initial complaint, TIG denied coverage because Eudy was not seeking damages covered by the terms of the CGL policy.

Eudy subsequently filed a second amended complaint that asserted additional claims and added Johnny Laurinaitis, a UWC employee, as a defendant.  UWC and Laurinaitis both tendered the second amended complaint to TIG for coverage.  TIG reviewed the allegations of the second amended complaint, and agreed to defend pursuant to a reservation of rights agreement.

TIG then filed its complaint for declaratory judgment with this Court on July 24, 2003 to determine its obligations to defend and/or indemnify UWC, Turner Sports, Inc., Turner Entertainment Group, Inc., and Laurinaitis against Eudy's lawsuit. TIG questions whether coverage exists because of provisions in its policy that exclude coverage for bodily injury to employees and deny insured status to employees who injure co-employees.

C. **Legal Issues**

    **a.** Is Johnny Laurinaitis an insured under the commercial general liability insurance policy issued by TIG for the claims asserted by Eudy?

    **b.** Are Eudy's claims covered under the commercial general liability insurance policy issued by TIG to WCW or is coverage barred by the policy's coverage exclusions?

**(2)** Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**RESPONSE**:

28 U.S.C. §§ 13332, 1391, and 2201; O.C.G.A. § 9-4-1 et seq.; O.C.G.A. § 34-9-1 et seq.; Atlanta Braves, Inc. v. Leslie,

- 3 -

190 Ga. App. 49, 378 S.E.2d 133 (1989); <u>Davison-Paxson Co. v.</u>
<u>Ferguson</u>, 94 Ga. App. 501, 95 S.E.2d 306 (1956); <u>Venable v. John</u>
<u>P. King Mfg. Co.</u>, 174 Ga. App. 800, 803, 331 S.E.2d 638, 641
(1985); <u>Hames Contracting, Inc. v. Georgia Ins. Co.</u>, 211 Ga.
App. 852, 440 S.E.2d 738 (1994).

**(3)** Provide the name and, if known, the address and
telephone number of each individual likely to have discoverable
information that you may use to support your claims or defenses,
unless solely for impeachment, identifying the subjects of the
information.  (Attach witness list to Initial Disclosures as
Attachment A.)

**RESPONSE:**

See attachment A.

**(4)** Provide the name of any person who may be used at
trial to present evidence under Rules 702, 703, or 705 of the
Federal Rules of Evidence.  For all experts described in
Fed.R.Civ.P.26(a)(2)(B), provide a separate written reports to
Initial Disclosures as Attachment B.)

**RESPONSE:**

Plaintiff has not retained a trial expert at this time.

- 4 -

**(5)**  Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:**

See Attachment C.

**(6)**  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:**

TIG seeks a declaration that it has no duty to defend or indemnify UWC, Turner Sports, Inc., Turner Entertainment Group, Inc., and Laurinaitis against Eudy's claims.

- 5 -

**(7)** Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which a person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:**

Not applicable.

**(8)** Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**RESPONSE:**

Not applicable.

Philip W. Savrin
Georgia Bar No. 627836
W. Mark Weaver
Georgia Bar No. 743447
Attorneys for Plaintiff
TIG Insurance Company

- 6 -

```
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
770/818-0000 (telephone)
770/937-9960 (facsimile)
```

## **ATTACHMENT A**

1.   Sidney Eudy

2.   Johnny Laurinaitis

3.   WCW's agents and/or representatives who prepared, negotiated, authorized, and signed Eudy's employment agreement.

4.   WCW's agents and/or representatives responsible for scheduling, scripting, and conducting Eudy's wrestling performances.


Discovery is ongoing, and TIG reserves the right to supplement the record with additional witnesses as the case proceeds.

## ATTACHMENT C

1.    Employment Agreement between Sidney Eudy and World Championship Wrestling.

2.    Sidney Eudy's Second Amended Complaint in the Underlying Lawsuit.

3.    TIG Commercial General Liability policy number T7 00037964779902, issued to World Championship Wrestling.

4.    Reservation of rights agreement letter dated May 7, 2003.

5.    Worker's compensation records.


Discovery is ongoing, and TIG reserves the right to identify additional documents as the case proceeds.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing *Plaintiff's Initial Disclosures* by depositing same in the United States mail, with sufficient postage affixed thereon, to counsel of record listed below:

        Mark T. Dietrichs, Esq.
        Swift, Currie, McGhee & Hiers, LLP
        1355 Peachtree Street, N.E.
        Suite 300
        Atlanta, GA 30309

        Stephen G. Weizenecker, Esq.
        Weizenecker Rose Mottern & Fisher, P.C.
        1800 Peachtree Street, N.W.
        Suite 260
        Atlanta, GA 30309

This 25th day of September, 2003.

                        Philip W. Savrin
                        _____
                        Philip W. Savrin
                        Georgia Bar No. 627836

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
770/818-0000 (telephone)
770/937-9960 (facsimile)
DS2165/3999.39463

By:  kt

1:03-cv-2096    DOC #:  11

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,          :
                                :
        Plaintiff,              :
                                :
v.                              :  CIVIL ACTION FILE
                                :  NO.  1 03 CV 2096
UNIVERSAL WRESTLING CORP.,      :
INC. f/k/a WORLD CHAMPIONSHIP   :
WRESTLING, INC., TURNER         :
SPORTS, INC., TURNER            :
ENTERTAINMENT GROUP, INC.       :
SIDNEY R. EUDY, and JOHNNY      :
LAURINAITIS,                    :
                                :
        Defendants.             :

FILED IN CLERK'S OFFICE
U.S.C.C. - Atlanta

SEP 2 5 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

-HTW

### ANSWER OF JOHNNY LAURINAITIS.

COMES NOW Johnny Laurinaitis, Defendant in the above-
styled action, and files this Answer to the Complaint for
Declaratory Judgment, showing this Honorable Court as
follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim on which relief can be
granted.

### SECOND AFFIRMATIVE DEFENSE

Jurisdiction and venue in this Court are improper, and
this case should therefore be dismissed.

//

## THIRD AFFIRMATIVE DEFENSE

Concurrent with filing this Answer, Defendant is withdrawing without prejudice his request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy before this Court and this Complaint should therefore be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Responding particularly to Plaintiff's allegations contained in the specific Paragraphs, Defendant responds as follows:

### PARTIES

1.

Defendant lacks information sufficient to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore must respectfully deny same.

2.

Based on information and belief, Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint, except that Defendant denies that Universal Wrestling Corporation's proper name is "Universal Wrestling

- 2 -

Corp. Inc." and denies that its principal place of business
is in New York.

3.

Based on information and belief, Defendant admits the
allegations contained in Paragraph 3 of Plaintiff's
Complaint, except that Defendant denies that Turner Sports,
Inc.'s principal place of business is in New York.

4.

Based on information and belief, Defendant admits the
allegations contained in Paragraph 4 of Plaintiff's
Complaint, except that Defendant denies that Turner
Entertainment Group, Inc.'s principal place of business is
in New York.

5.

Based on information and belief, Defendant admits that
Defendant Sidney R. Eudy (hereinafter "Eudy") entered into
contracts with World Championship Wrestling, Inc. Defendant
further admits that Defendant Eudy has filed a lawsuit
alleging liability against WCW and other defendants in the
Superior Court of Fulton County, Georgia. Defendant lacks
information sufficient to either admit or deny whether
Defendant Eudy is a resident of Arkansas or where the

- 3 -

contract was entered into, and therefore must respectfully deny same.  Defendant denies all other allegations contained in Paragraph 5 of Plaintiff's Complaint not expressly admitted herein.

6.

Defendant admits that he is a resident of Florida. Defendant denies that he presently seeks coverage under a TIG policy delivered in Georgia for the referenced lawsuit.

## JURISDICTION AND VENUE

7.

Defendant lacks information sufficient to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore must respectfully deny same.  By way of further explanation, this Defendant lacks information sufficient to admit or deny the citizenship of certain of the other parties, such that this Defendant cannot state whether there is complete diversity or not.

8.

Defendant admits that Defendant Eudy's underlying lawsuit seeks damages exceeding $75,000, but denies that Defendant Eudy is entitled to any of the relief prayed for in that lawsuit.  Defendant denies that there is a controversy between the parties, as Defendant in his Answer

- 4 -

has withdrawn without prejudice his request for coverage from Plaintiff for the underlying lawsuit. Defendant denies all other allegations contained in Paragraph 8 of Plaintiff's Complaint not specifically admitted herein.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint. By way of further explanation, Defendant in his Answer has withdrawn without prejudice his request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy between the parties and therefore no jurisdiction under 28 U.S.C. § 2201. Regarding 28 U.S.C. § 1332, Defendant lacks information sufficient to admit or deny the citizenship of certain of the other parties, such that this Defendant cannot state whether there is complete diversity or not.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint. By way of further explanation, Defendant in his Answer has withdrawn without prejudice his request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy between the parties and no proper venue before

this Court.  Further, Defendant lacks information regarding
the citizenship of certain of the other Defendants
sufficient to admit or deny the other facts relevant to the
determination of venue.

11.

Defendant admits the allegations contained in Paragraph
11 of Plaintiff's Complaint, except that Defendant does not
have sufficient information to admit or deny whether
Defendant Eudy is subject to the personal jurisdiction of
this Court and must therefore deny same.  Defendant denies
all other allegations contained in Paragraph 11 of
Plaintiff's Complaint not expressly admitted herein.

12.

Defendant denies the allegations contained in Paragraph
12 of Plaintiff's Complaint.

### RELATIONSHIP BETWEEN EUDY AND WCW

13.

Based on information and belief, Defendant admits that
Eudy provided wrestling services for WCW pursuant to a
written contract with WCW, a true and complete copy of which
is attached to the Complaint as Exhibit "A."  Defendant
denies the Complaint's description of that Agreement as the
"Employment Agreement."  The Agreement is expressly termed

- 6 -

the "Independent Contractor Agreement."  Defendant denies

all other allegations contained in Paragraph 13 of

Plaintiff's Complaint not expressly admitted herein.

14.

The terms of the Independent Contractor Agreement

between Eudy and WCW speak for themselves as to content and

legal effect, and Defendant denies all allegations contained

in Paragraph 14 of Plaintiff's Complaint that are

inconsistent with the provisions of that Agreement.

15.

In answer to Paragraph 15 of the Plaintiff's Complaint,

based on information and belief, this Defendant admits that

WCW's relationship with Eudy was governed by the terms of

the Independent Contractor Agreement and that his wrestling

activities were conducted pursuant to scripts and that these

scripts and the Independent Contractor Agreement speak for

themselves as to content and legal effect.  Defendant denies

all allegations contained in Paragraph 15 of Plaintiff's

Complaint that are inconsistent with the provisions of the

Independent Contractor Agreement or the scripts.

16.

The terms of the Independent Contractor Agreement

between Eudy and WCW speak for themselves as to content and

- 7 -

legal effect, and Defendant denies all allegations contained

in Paragraph 16 of Plaintiff's Complaint that are

inconsistent with the provisions of that Agreement.

17.

The terms of the Independent Contractor Agreement

between Eudy and WCW speak for themselves as to content and

legal effect, and Defendant denies all allegations contained

in Paragraph 17 of Plaintiff's Complaint that are

inconsistent with the provisions of that Agreement.

18.

Defendant denies the allegations contained in Paragraph

18 of Plaintiff's Complaint.

**UNDERLYING LAWSUIT**

19.

Regarding the first sentence contained in Paragraph 19

of Plaintiff's Complaint, Defendant admits only that

Defendant Eudy suffered a leg injury on January 14, 2001.

Regarding the allegation that said injury occurred while

Defendant Eudy was performing a maneuver scripted by WCW,

Defendant states that the script is a written document which

speaks for itself as to content and legal effect, and

Defendant denies this allegation to the extent it is

inconsistent with or contrary to that script.  Regarding the

- 8 -

second sentence contained in Paragraph 19 of Plaintiff's
Complaint, based upon information and belief, Defendant
believes that Eudy received workers' compensation benefits
from TIG, but Defendant denies the remaining allegations
contained in the second sentence as stated.  Defendant
denies all other allegations contained in Paragraph 19 of
Plaintiff's Complaint not expressly admitted herein.

20.

Defendant admits the allegations contained in Paragraph
20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph
21 of Plaintiff's Complaint.

22.

On information and belief, Defendant admits that Eudy
filed an amended complaint in the underlying lawsuit.
Defendant denies that the amended complaint was not tendered
to TIG for coverage and denies all other allegations
contained in Paragraph 22 of Plaintiff's Complaint not
expressly admitted herein.

23.

Defendant admits the allegations contained in Paragraph
23 of Plaintiff's Complaint.

24.

Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## TIG'S COVERAGE DECISIONS

25.

Upon information and belief, Defendant admits that WCW tendered the initial complaint to TIG for coverage, pursuant to its commercial general liability policy, one of which provided coverage for the policy period April 1, 2000 to April 1, 2001, bearing policy no. T0003796479902. Defendant lacks sufficient information to either admit or deny whether a true and complete copy of the CGL policy is attached to the Complaint as Exhibit "D" and therefore must respectfully deny same. Defendant denies all other allegations contained in Paragraph 25 of Plaintiff's Complaint not expressly admitted herein.

26.

Upon information and belief, Defendant admits that other Defendants received a copy of the letter attached to Plaintiff's Complaint as Exhibit "E." Defendant lacks information to either admit or deny the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore must respectfully deny same.

Defendant further states that the referenced policy and the letter attached to Plaintiff's Complaint as Exhibit "E" are written documents which speak for themselves as to content and legal effect, and Defendant specifically denies all allegations contained in Paragraph 26 of Plaintiff's Complaint that are inconsistent with the provisions of those documents.

27.

Defendant admits that he tendered the Second Amended Complaint to Plaintiff for coverage.  Defendant further admits that his representatives received a copy of the reservation of rights letter attached to Plaintiff's Complaint as Exhibit "F."  Defendant lacks information sufficient to either admit or deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore must respectfully deny same.  Defendant further states that the letter attached to Plaintiff's Complaint as Exhibit "F" is a written document which speaks for itself as to content and legal effect, and Defendant specifically denies all allegations contained in Paragraph 27 of Plaintiff's Complaint that are inconsistent with the provisions of that document.

## PERTINENT POLICY PROVISIONS

28.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 28 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

29.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 29 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

30.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 30 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

31.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 31 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

32.

The subject policy speaks for itself as to content and
legal effect, and Defendant denies all allegations contained
in Paragraph 32 of Plaintiff's Complaint that are
inconsistent with the provisions of that policy.

33.

The subject policy speaks for itself as to content and
legal effect, and Defendant denies all allegations contained
in Paragraph 33 of Plaintiff's Complaint that are
inconsistent with the provisions of that policy.

34.

The subject policy speaks for itself as to content and
legal effect, and Defendant denies all allegations contained
in Paragraph 34 of Plaintiff's Complaint that are
inconsistent with the provisions of that policy.

35.

The subject policy speaks for itself as to content and
legal effect, and Defendant denies all allegations contained
in Paragraph 35 of Plaintiff's Complaint that are
inconsistent with the provisions of that policy.

36.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 36 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

## RELIEF SOUGHT

37.

Plaintiff's Complaint speaks for itself in terms of the declaration Plaintiff seeks in this lawsuit. Defendant denies all allegations contained in Paragraph 37 of Plaintiff's Complaint not expressly admitted herein.

38.

To the extent a response to this "Wherefore" paragraph is required, Defendant denies all allegations contained in Paragraph 38 of Plaintiff's Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendant denies all other allegations contained in Plaintiff's Complaint not expressly admitted or addressed above. Defendant denies that Plaintiff is entitled to any of the relief prayed for in the Complaint or to any other or further relief from the Court.

WHEREFORE, Defendant requests that it be discharged from this case with judgment granted in its favor and with all costs cast upon Plaintiff, and that it have such other and further relief as allowed by law.

This 24th day of September, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

_____
Mark T. Dietrichs
Georgia Bar No.   221722

_____
Thomas D. Martin
Georgia Bar No.   475535

_____
Brian M. Leepson
Georgia Bar No.   444758

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

- 15 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **Answer of Johnny Laurinaitis** upon on all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Philip W. Savrin, Esq.
> W. Mark Weaver, Esq.
> Suite 1600
> 100 Galleria Parkway
> Atlanta, GA  30339-5948
> *Attorneys for TIG Insurance Company*
>
> Mr. Sidney R. Eudy
> c/o His Counsel
> Stephen G. Weizenecker, Esq.
> Ms. Kim Knight Perez
> Ms. Roxana Dehnad
> Weizenecker, Rose, Mottern & Fisher, PC
> 1800 Peachtree Street, N.W., Suite 620
> Atlanta, GA   30309

This 24th day of September, 2003.

> Respectfully submitted,
>
> SWIFT, CURRIE, McGHEE & HIERS, LLP
>
> _Mark T. Dietrichs_
> Mark T. Dietrichs
> Georgia Bar No. 221722

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile