**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**SEP 2 5 2003**

LUTHER D. THOMAS, Clerk
By: *J. Orig* Deputy Clerk

| | | |
|---|---|---|
| TIG INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO.  1 03 CV 2096 |
| UNIVERSAL WRESTLING CORP., | : | |
| INC. f/k/a WORLD CHAMPIONSHIP | : | **-HTW** |
| WRESTLING, INC., TURNER | : | |
| SPORTS, INC., TURNER | : | |
| ENTERTAINMENT GROUP, INC. | : | |
| SIDNEY R. EUDY, and JOHNNY | : | |
| LAURINAITIS, | : | |
| | : | |
| Defendants. | : | |

### ANSWER OF JOHNNY LAURINAITIS.

COMES NOW Johnny Laurinaitis, Defendant in the above-styled action, and files this Answer to the Complaint for Declaratory Judgment, showing this Honorable Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Jurisdiction and venue in this Court are improper, and this case should therefore be dismissed.

//

### THIRD AFFIRMATIVE DEFENSE

Concurrent with filing this Answer, Defendant is withdrawing without prejudice his request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy before this Court and this Complaint should therefore be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

Responding particularly to Plaintiff's allegations contained in the specific Paragraphs, Defendant responds as follows:

### PARTIES

1.

Defendant lacks information sufficient to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore must respectfully deny same.

2.

Based on information and belief, Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint, except that Defendant denies that Universal Wrestling Corporation's proper name is "Universal Wrestling

- 2 -

Corp. Inc." and denies that its principal place of business
is in New York.

3.

Based on information and belief, Defendant admits the
allegations contained in Paragraph 3 of Plaintiff's
Complaint, except that Defendant denies that Turner Sports,
Inc.'s principal place of business is in New York.

4.

Based on information and belief, Defendant admits the
allegations contained in Paragraph 4 of Plaintiff's
Complaint, except that Defendant denies that Turner
Entertainment Group, Inc.'s principal place of business is
in New York.

5.

Based on information and belief, Defendant admits that
Defendant Sidney R. Eudy (hereinafter "Eudy") entered into
contracts with World Championship Wrestling, Inc.  Defendant
further admits that Defendant Eudy has filed a lawsuit
alleging liability against WCW and other defendants in the
Superior Court of Fulton County, Georgia.  Defendant lacks
information sufficient to either admit or deny whether
Defendant Eudy is a resident of Arkansas or where the

contract was entered into, and therefore must respectfully
deny same.  Defendant denies all other allegations contained
in Paragraph 5 of Plaintiff's Complaint not expressly
admitted herein.

6.

Defendant admits that he is a resident of Florida.
Defendant denies that he presently seeks coverage under a
TIG policy delivered in Georgia for the referenced lawsuit.

## JURISDICTION AND VENUE

7.

Defendant lacks information sufficient to either admit
or deny the allegations contained in Paragraph 7 of
Plaintiff's Complaint and therefore must respectfully deny
same.  By way of further explanation, this Defendant lacks
information sufficient to admit or deny the citizenship of
certain of the other parties, such that this Defendant
cannot state whether there is complete diversity or not.

8.

Defendant admits that Defendant Eudy's underlying
lawsuit seeks damages exceeding $75,000, but denies that
Defendant Eudy is entitled to any of the relief prayed for
in that lawsuit.  Defendant denies that there is a
controversy between the parties, as Defendant in his Answer

- 4 -

has withdrawn without prejudice his request for coverage
from Plaintiff for the underlying lawsuit.  Defendant denies
all other allegations contained in Paragraph 8 of
Plaintiff's Complaint not specifically admitted herein.

9.

Defendant denies the allegations contained in paragraph
9 of Plaintiff's Complaint.  By way of further explanation,
Defendant in his Answer has withdrawn without prejudice his
request for coverage from Plaintiff for the underlying
lawsuit, and there is therefore no actual or justiciable
controversy between the parties and therefore no
jurisdiction under 28 U.S.C. § 2201.  Regarding 28 U.S.C. §
1332, Defendant lacks information sufficient to admit or
deny the citizenship of certain of the other parties, such
that this Defendant cannot state whether there is complete
diversity or not.

10.

Defendant denies the allegations contained in paragraph
10 of Plaintiff's Complaint.  By way of further explanation,
Defendant in his Answer has withdrawn without prejudice his
request for coverage from Plaintiff for the underlying
lawsuit, and there is therefore no actual or justiciable
controversy between the parties and no proper venue before

- 5 -

this Court.  Further, Defendant lacks information regarding
the citizenship of certain of the other Defendants
sufficient to admit or deny the other facts relevant to the
determination of venue.

11.

Defendant admits the allegations contained in Paragraph
11 of Plaintiff's Complaint, except that Defendant does not
have sufficient information to admit or deny whether
Defendant Eudy is subject to the personal jurisdiction of
this Court and must therefore deny same.  Defendant denies
all other allegations contained in Paragraph 11 of
Plaintiff's Complaint not expressly admitted herein.

12.

Defendant denies the allegations contained in Paragraph
12 of Plaintiff's Complaint.

## RELATIONSHIP BETWEEN EUDY AND WCW

13.

Based on information and belief, Defendant admits that
Eudy provided wrestling services for WCW pursuant to a
written contract with WCW, a true and complete copy of which
is attached to the Complaint as Exhibit "A."  Defendant
denies the Complaint's description of that Agreement as the
"Employment Agreement."  The Agreement is expressly termed

- 6 -

the "Independent Contractor Agreement."  Defendant denies

all other allegations contained in Paragraph 13 of

Plaintiff's Complaint not expressly admitted herein.

14.

The terms of the Independent Contractor Agreement

between Eudy and WCW speak for themselves as to content and

legal effect, and Defendant denies all allegations contained

in Paragraph 14 of Plaintiff's Complaint that are

inconsistent with the provisions of that Agreement.

15.

In answer to Paragraph 15 of the Plaintiff's Complaint,

based on information and belief, this Defendant admits that

WCW's relationship with Eudy was governed by the terms of

the Independent Contractor Agreement and that his wrestling

activities were conducted pursuant to scripts and that these

scripts and the Independent Contractor Agreement speak for

themselves as to content and legal effect.  Defendant denies

all allegations contained in Paragraph 15 of Plaintiff's

Complaint that are inconsistent with the provisions of the

Independent Contractor Agreement or the scripts.

16.

The terms of the Independent Contractor Agreement

between Eudy and WCW speak for themselves as to content and

legal effect, and Defendant denies all allegations contained in Paragraph 16 of Plaintiff's Complaint that are inconsistent with the provisions of that Agreement.

17.

The terms of the Independent Contractor Agreement between Eudy and WCW speak for themselves as to content and legal effect, and Defendant denies all allegations contained in Paragraph 17 of Plaintiff's Complaint that are inconsistent with the provisions of that Agreement.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

**UNDERLYING LAWSUIT**

19.

Regarding the first sentence contained in Paragraph 19 of Plaintiff's Complaint, Defendant admits only that Defendant Eudy suffered a leg injury on January 14, 2001. Regarding the allegation that said injury occurred while Defendant Eudy was performing a maneuver scripted by WCW, Defendant states that the script is a written document which speaks for itself as to content and legal effect, and Defendant denies this allegation to the extent it is inconsistent with or contrary to that script. Regarding the

- 8 -

second sentence contained in Paragraph 19 of Plaintiff's

Complaint, based upon information and belief, Defendant

believes that Eudy received workers' compensation benefits

from TIG, but Defendant denies the remaining allegations

contained in the second sentence as stated.    Defendant

denies all other allegations contained in Paragraph 19 of

Plaintiff's Complaint not expressly admitted herein.

20.

Defendant admits the allegations contained in Paragraph

20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph

21 of Plaintiff's Complaint.

22.

On information and belief, Defendant admits that Eudy

filed an amended complaint in the underlying lawsuit.

Defendant denies that the amended complaint was not tendered

to TIG for coverage and denies all other allegations

contained in Paragraph 22 of Plaintiff's Complaint not

expressly admitted herein.

23.

Defendant admits the allegations contained in Paragraph

23 of Plaintiff's Complaint.

24.

Defendant admits the allegations contained in Paragraph
24 of Plaintiff's Complaint.

## **TIG'S COVERAGE DECISIONS**

25.

Upon information and belief, Defendant admits that WCW
tendered the initial complaint to TIG for coverage, pursuant
to its commercial general liability policy, one of which
provided coverage for the policy period April 1, 2000 to
April 1, 2001, bearing policy no. T0003796479902.  Defendant
lacks sufficient information to either admit or deny whether
a true and complete copy of the CGL policy is attached to
the Complaint as Exhibit "D" and therefore must respectfully
deny same.  Defendant denies all other allegations contained
in Paragraph 25 of Plaintiff's Complaint not expressly
admitted herein.

26.

Upon information and belief, Defendant admits that
other Defendants received a copy of the letter attached to
Plaintiff's Complaint as Exhibit "E."  Defendant lacks
information to either admit or deny the remaining
allegations contained in Paragraph 26 of Plaintiff's
Complaint and therefore must respectfully deny same.

- 10 -

Defendant further states that the referenced policy and the letter attached to Plaintiff's Complaint as Exhibit "E" are written documents which speak for themselves as to content and legal effect, and Defendant specifically denies all allegations contained in Paragraph 26 of Plaintiff's Complaint that are inconsistent with the provisions of those documents.

27.

Defendant admits that he tendered the Second Amended Complaint to Plaintiff for coverage.  Defendant further admits that his representatives received a copy of the reservation of rights letter attached to Plaintiff's Complaint as Exhibit "F."  Defendant lacks information sufficient to either admit or deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore must respectfully deny same.  Defendant further states that the letter attached to Plaintiff's Complaint as Exhibit "F" is a written document which speaks for itself as to content and legal effect, and Defendant specifically denies all allegations contained in Paragraph 27 of Plaintiff's Complaint that are inconsistent with the provisions of that document.

- 11 -

## PERTINENT POLICY PROVISIONS

28.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 28 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

29.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 29 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

30.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 30 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

31.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 31 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

32.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 32 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

33.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 33 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

34.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 34 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

35.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 35 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

36.

The subject policy speaks for itself as to content and legal effect, and Defendant denies all allegations contained in Paragraph 36 of Plaintiff's Complaint that are inconsistent with the provisions of that policy.

**RELIEF SOUGHT**

37.

Plaintiff's Complaint speaks for itself in terms of the declaration Plaintiff seeks in this lawsuit.   Defendant denies all allegations contained in Paragraph 37 of Plaintiff's Complaint not expressly admitted herein.

38.

To the extent a response to this "Wherefore" paragraph is required, Defendant denies all allegations contained in Paragraph 38 of Plaintiff's Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant denies all other allegations contained in Plaintiff's Complaint not expressly admitted or addressed above.   Defendant denies that Plaintiff is entitled to any of the relief prayed for in the Complaint or to any other or further relief from the Court.

- 14 -

WHEREFORE, Defendant requests that it be discharged from this case with judgment granted in its favor and with all costs cast upon Plaintiff, and that it have such other and further relief as allowed by law.

This 24th day of September, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Mark T. Dietrichs
Georgia Bar No.  221722

Thomas D. Martin
Georgia Bar No.  475535

Brian M. Leepson
Georgia Bar No.  444758

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

- 15 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **Answer of Johnny Laurinaitis** upon on all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Philip W. Savrin, Esq.
> W. Mark Weaver, Esq.
> Suite 1600
> 100 Galleria Parkway
> Atlanta, GA  30339-5948
> *Attorneys for TIG Insurance Company*
>
> Mr. Sidney R. Eudy
> c/o His Counsel
> Stephen G. Weizenecker, Esq.
> Ms. Kim Knight Perez
> Ms. Roxana Dehnad
> Weizenecker, Rose, Mottern & Fisher, PC
> 1800 Peachtree Street, N.W., Suite 620
> Atlanta, GA   30309

This 24th day of September, 2003.

> Respectfully submitted,
>
> SWIFT, CURRIE, McGHEE & HIERS, LLP
>
> _Mark T. Dietrichs_____
> Mark T. Dietrichs
> Georgia Bar No. 221722

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile