ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEC 30 2003

LUTHER D. THOMAS, Clerk

By: _____
Deputy Clerk

| | | |
|---|---|---|
| TIG INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO.  1 03 CV 2096 **-HTW** |
| UNIVERSAL WRESTLING CORP., | : | |
| INC. f/k/a WORLD CHAMPIONSHIP | : | |
| WRESTLING, INC., TURNER | : | |
| SPORTS, INC., TURNER | : | |
| ENTERTAINMENT GROUP, INC. | : | |
| SIDNEY R. EUDY, and JOHNNY | : | |
| LAURINAITIS, | : | |
| | : | |
| Defendants. | : | |

### MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS

COME NOW DEFENDANTS UNIVERSAL WRESTLING CORPORATION f/k/a/
WORLD CHAMPIONSHIP WRESTLING, INC. (erroneously named in this
lawsuit as Universal Wrestling Corp., Inc. and hereinafter
"UWC"), TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC.,
and JOHNNY LAURINAITIS, and, pursuant to FED.R.CIV.P. 12(b)(1)
and FED.R.CIV.P. 12(c), jointly file this Motion to Dismiss
and/or for Judgment on the Pleadings, showing this Honorable
Court as follows:

The instant action should be dismissed for lack of subject
matter jurisdiction, as it does not present the "actual
controversy" required for such jurisdiction under the Declaratory
Judgment Act, 28 U.S.C. § 2201 *et seq*, and because the issues it
presents are not ripe and/or are moot.  Alternatively, and for

12

the same reasons, Defendant requests judgment on the pleadings, as the pleadings themselves establish the absence of an actual controversy, lack of ripeness, and mootness upon which this Motion is predicated.  This Motion is supported by a Brief in Support hereof.

This _30_ day of December, 2003.

Respectfully submitted,
SWIFT, CURRIE, McGHEE & HIERS

Mark T. Dietrichs
Georgia Bar No.  221722

Thomas D. Martin
Georgia Bar No.  475535

Brian M. Leepson
Georgia Bar No.  444758

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Motion to Dismiss and/or for Judgment on the Pleadings** upon on all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Philip W. Savrin
> Suite 1600
> 100 Galleria Parkway
> Atlanta, Georgia  30339-5948
> *Attorney for TIG Insurance Company*
>
> Stephen G. Weizenecker
> Weizenecker, Rose, Mottern & Fisher, PC
> Suite 620
> 1800 Peachtree Street, NW
> Atlanta, Georgia  30309
> *Attorney for Sidney R. Eudy*

This 30th day of December, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

_____
Brian M. Leepson
Georgia Bar No. 444758

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

1219603v1

ORIGINAL

FILED IN CLERK'S OFFICE

DEC 30 2003

By: _____ , Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,                  :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :   CIVIL ACTION FILE
                                        :   NO.  1 03 CV 2096 (HTW)
UNIVERSAL WRESTLING CORP.,              :
INC. f/k/a WORLD CHAMPIONSHIP           :
WRESTLING, INC., TURNER                 :
SPORTS, INC., TURNER                    :
ENTERTAINMENT GROUP, INC.               :
SIDNEY R. EUDY, and JOHNNY              :
LAURINAITIS,                            :
                                        :
        Defendants.                     :

## BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS

COME NOW DEFENDANTS UNIVERSAL WRESTLING CORPORATION f/k/a/ WORLD CHAMPIONSHIP WRESTLING, INC. (erroneously named in this lawsuit as Universal Wrestling Corp., Inc. and hereinafter "UWC"), TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC., and JOHNNY LAURINAITIS, and jointly file this Brief in Support of Motion to Dismiss and/or for Judgment on the Pleadings, showing this Honorable Court as follows:

### INTRODUCTION

The instant declaratory judgment action should be dismissed. Through this lawsuit, Plaintiff seeks a judicial declaration of whether, under a policy of insurance it has issued, it owes liability coverage or a defense to Defendant UWC, Defendant

Turner Sports, Inc., and Defendant Turner Entertainment Group,
Inc. (collectively referred to herein as "the Turner
Defendants"), as well as to Defendant Johnny Laurinaitis
(hereinafter "Laurinaitis"), who are all defendants in a separate
action for damages filed in the Superior Court of Fulton County
by Defendant Sidney Eudy (hereinafter referred to as the
"Underlying Lawsuit").  However, neither the Turner Defendants
nor Laurinaitis are actually seeking any such liability coverage
or defense from Plaintiff for that Underlying Lawsuit.  As the
Answers they filed make clear, all requests for liability
coverage or a defense that these defendants may have made in the
past have been withdrawn.

      As such, the Turner Defendants and Laurinaitis asked the
Plaintiff to voluntarily dismiss this action, because no actual
controversy between the parties remained and because the issues
which Plaintiff raised in this action are now moot.  Plaintiff
has refused, asserting that it will continue this action on the
premises that if Defendant Eudy were to obtain a judgment in the
underlying action, and if that judgment were not satisfied by the
Defendants, then Eudy allegedly may have some direct action
against Plaintiff.  It is on account of these future, wholly
contingent possibilities that Plaintiff asserts it has the right
to maintain this declaratory judgment action.

- 2 -

Such potential, future, and unrealized contingencies cannot provide the basis for this Court's jurisdiction.  Plaintiff merely seeks an advisory opinion on an issue that is not yet ripe, and this action does not present an "actual controversy" as required under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) or under Article III, Section 2 of the United States Constitution, which specifically allows federal courts to act only in "cases or controversies."  For these reasons, the Turner Defendants and Laurinaitis respectfully request that the instant lawsuit be dismissed based on lack of subject matter jurisdiction.

### FACTS

Defendant Eudy provided wrestling services for World Championship Wrestling, Inc. (WCW), now known as Universal Wrestling Corporation, pursuant to an Independent Contractor Agreement with WCW.  (Complaint at Exh. "A"; Answers of Turner Defendants and Laurinaitis, at ¶ 13).  On January 14, 2001, Eudy purportedly injured his left leg during a wrestling match. Later, Eudy filed the Underlying Lawsuit in the Superior Court of Fulton County against the Turner Defendants, seeking to recover for, among other things, those alleged injuries.  (Complaint at ¶ 20 and Exh. B;  Answers of Turner Defendants and Laurinaitis, at ¶ 20).

- 3 -

To ensure that their rights were protected and preserved, the Turner Defendants sent Eudy's Complaint to Plaintiff for its consideration under the coverages the Turner Defendants had in place with Plaintiff.  Plaintiff denied coverage to the Turner Defendants for the Lawsuit. (Complaint at ¶¶ 25, 26; Answers of Turner Defendants and Laurinaitis, at ¶¶ 25, 26).  Later, Eudy filed a second amended complaint which asserted additional claims against the Turner Defendants and which added Laurinaitis as a defendant to the Underlying Lawsuit.  Again, to ensure that their interests were preserved and protected, the Turner Defendants and Laurinaitis forwarded the second amended complaint to Plaintiff for its consideration under the Turner Defendants' coverages. Subsequently, Plaintiff decided to assume the defense of the Turner Defendants and Laurinaitis in the Underlying Lawsuit, pursuant to a reservation of rights letter dated May 7, 2003. (Complaint at ¶ 27; Answers of Turner Defendants and Laurinaitis, at ¶ 27). This declaratory judgment action followed.

Since then, however, all requests for coverage from Plaintiff made by the Turner Defendants and Laurinaitis for the Underlying Lawsuit have been completely withdrawn.  More particularly, in response to the filing of this declaratory judgment action, the Turner Defendants and Laurinaitis voluntarily withdrew any request for coverage or a defense of the

- 4 -

Underlying Lawsuit under any liability coverages that Plaintiff provides.  (Answers of Turner Defendants and Laurinaitis, at Third Affirmative Defense). In fact, concurrent with the filing of the instant Motion, the Turner Defendants and Laurinaitis are also filing a separate motion seeking this Court's permission to file amended answers which make the Turner Defendants' and Laurinaitis' withdrawal of any request for coverage or a defense from Plaintiff even more clear.[1]

Because the Defendants have withdrawn all requests for coverage or a defense of the Underlying Lawsuit from Plaintiff, and because such withdrawals render this entire declaratory judgment action moot, the Turner Defendants and Laurinaitis requested that Plaintiff voluntarily dismiss this lawsuit. Plaintiff refuses, however, and insists on litigating alleged, hypothetical, and speculative coverage issues between itself and its insureds or putative insureds who are not even seeking coverage from Plaintiff.  By contrast, the Turner Defendants and Laurinaitis contend that this action should be dismissed because the "actual controversy" required to support declaratory judgment actions and to support jurisdiction of this matter does not

---

[1]   The Turner Defendants and Laurinaitis had hoped to be able to file their amended answers based on the consent of the parties, as opposed to an order of this Court.  However, Plaintiff's counsel never responded to the Turner Defendants' and Laurinaitis' request for such consent.

exist, and because their withdrawals of any request for coverage or a defense have rendered the instant action moot.

**ARGUMENT**

**A.     General Law Governing Declaratory Judgment Actions**

Federal law is clear that declaratory judgment actions are proper only when an "actual controversy" between the parties exists.  This requirement is written directly into the Declaratory Judgment Act, which states, in relevant part, as follows:

> In a case of <u>actual controversy</u> within its
> jurisdiction, . . . any court of the United
> States, upon the filing of an appropriate
> pleading, may declare the rights and other legal
> relations of any interested party seeking such
> declaration, whether or not further relief is or
> could be sought.  Any such declaration shall have
> the force and effect of a final judgment or decree
> and shall be reviewable as such.

28 U.S.C. § 2201(a)(emphasis added.).   The reason behind this "actual controversy" requirement is simple:  It is predicated on the basic precept that federal courts are not meant to be used by parties to render "advisory" opinions.  Indeed, Article III, Section 2 of the United States Constitution specifically allows federal courts to act only in "cases or controversies," and the "actual controversy" requirement in the Declaratory Judgment Act is designed to ensure that federal courts operate within their constitutionally-permitted limits.  <u>See</u>, <u>e.g.</u>, <u>Provident Life &</u>

Acc. Ins. Co. v. Transamerica-Occidental Life Ins. Co., 850 F.2d 1489 (11th Cir. 1988).  See also United States Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir. 1991) (noting that "a threshold question in an action for declaratory relief must be whether a justiciable controversy exists.") (citations omitted).

Thus the critical issue is what constitutes an "actual controversy" within the meaning of the Declaratory Judgment Act. The seminal Supreme Court case on the subject describes an "actual controversy" as follows:

> A "controversy" in this sense must be one that is appropriate for judicial determination. . . . A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. . . . Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require an award of process or the payment of damages.

Aetna Life Ins. Co. of Hartford, Connecticut v. Haworth, 300 U.S. 227, 240 (1937).  Essentially, the question is "whether the facts alleged, under all the circumstances, show that there is a

substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."   <u>Maryland Cas. Co. v. Pacific Coal & Oil Co.</u>, 312 U.S.270, 273 (1941).

**B.** **The Instant Declaratory Judgment Action is Improper**.

Using the foregoing principles as a guide, the instant declaratory judgment is improper and should be dismissed. Neither the Turner Defendants nor Laurinaitis are still seeking indemnification or a defense from TIG.  These defendants have affirmatively stated in their answers that any requests for coverage they have made for the liability alleged against them by Eudy in the Underlying Lawsuit are withdrawn, and they, in fact, seek to make such withdrawals even more clear through the filing of amended answers that specifically indicate that the withdrawal is "with prejudice."

In response to the requests for the dismissal of this action made by the Turner Defendants and Laurinaitis, Plaintiff indicated that it is still somehow entitled to maintain this action and refused to voluntarily dismiss it.  More specifically, Plaintiff appears to contend that <u>if</u> Eudy were to obtain a judgment against the Turner Defendants or against Laurinaitis, and <u>if</u> that judgment remains unsatisfied by the Turner Defendants and Laurinaitis, then Eudy will have the right to proceed

- 8 -

directly against Plaintiff.  It is only this potential,
contingent adverse claim which Defendant Eudy allegedly might
have at some future date against the Plaintiff which forms the
basis of any assertion by Plaintiff that it is still entitled to
pursue this declaratory judgment action.  In other words, in the
absence of any requests for coverage or a defense by the Turner
Defendants or Laurinaitis, the only possible predicates for the
instant lawsuit by the Plaintiff are the contingent, unrealized,
and presently non-existent rights of Eudy, which can only come
into existence in the event that Eudy obtains an unsatisfied
judgement against the Turner Defendants or Laurinaitis in the
Underlying Lawsuit.

     Case law throughout the country, however, rejects the
assertion that an injured claimant's unrealized, potential right
to file a direct action against an insurance company is
sufficient to support a declaratory judgment action.  When the
only matter at issue is an injured claimant's right to recover
under a tort-feasor's insurance policy, no justiciable, actual
controversy exists <u>until such time as</u> the claimant in fact
<u>obtains a judgment</u> against the tort-feasor, <u>and</u> the tort-feasor
<u>fails to satisfy that judgment</u>.  A declaratory judgment action
before that time is improper and purely speculative.

Cross v. Occidental Fire and Cas. Co., 347 F.Supp. 342
(W.D.Okl. 1972), is instructive.  In Cross, the injured claimants
sued an insurer to establish that a policy of insurance issued by
the insurer provided coverage to a third person whom the injured
claimants were suing.  Id.  The Court rejected the claimants'
right to bring such an action:

> There is no actual controversy present between
> Plaintiff and Defendant.  Plaintiff seeks two
> things by this action:  that the insured which he
> has sued be defended in said action by lawyers
> hired by the Defendant and that the Defendant be
> adjudged liable on its insurance policy to pay any
> judgment Plaintiff may succeed in obtaining
> against Defendant's insured. . . . The Court knows
> of no legal principle which would permit Plaintiff
> to specify the lawyer who will defend a person he
> has seen fit to sue.  There is thus nothing on
> which to base an actual controversy between
> Plaintiff and Defendant as to this point.  With
> respect to the obligation to pay any judgment, the
> same is not yet in existence, may never be in
> existence, and in any event is between the insured
> and the Defendant.

Id. at 333.  Accordingly, the Court held that no actual
controversy presently existed between the parties, that the
claimants and the insurer had no present adverse interests, that
the claimants' interests were neither immediate nor real, and
that the subject lawsuit should be dismissed.  Id. at 333-34.
See also Hunt v. State Farm Mut. Automobile Ins. Co., 655 F.Supp.
284 (D.Nev. 1987) (holding that there is no immediate controversy
between the insurer and injured claimants who are not insureds

- 10 -

under the policy sufficient to support a declaratory judgment
action, because injured claimants' controversy is with the
insured, not the insurer); MacMillan-Bloedel, Inc. v. Fireman's
Ins. Co. of Newark, New Jersey, 558 F.Supp. 596 (S.D.Ala. 1983)
(no actual controversy between injured claimants and insurance
company); Maness v. Alabama Farm Bureau Mut. Cas. Ins. Co., Inc.,
416 So.2d 979 (Ala. 1982) (same).

Although the foregoing cases involved declaratory judgment
actions brought by a claimant against an insurer, which is
slightly different than the situation in the present case, in
which Plaintiff, an insurer, is the one which brought the
declaratory judgment action, the logic of these cases still
controls.[2] Such authority stands for the proposition that where
the only potential matter remaining in controversy is whether a
claimant - such as Eudy - will be entitled to indemnification
from an insurer - like Plaintiff - at some point in the future,
in the uncertain event that Eudy obtains a judgment against the
Turner defendants and/or Laurinaitis in the underlying action and

---

[2]     The focus in reported cases on claims brought by
claimants against an insurer is unsurprising, as it makes little
sense for an insurer to insist (as Plaintiff is here) on
litigating coverage issues against insureds who are not even
seeking coverage from the insurer and where the predicate for a
direct cause of action against the insurer by the claimant has
not even remotely been established.  One would not expect such
cases to be filed or maintained, let alone result in a reported
opinion.

the Defendants fail to satisfy that judgment, no immediate
dispute exists sufficient to support a declaratory judgment
action.  As noted above, the question of whether Defendant Eudy
will ever obtain a judgment, and whether that judgment will
remain unsatisfied, are contingencies which "are not in existence
[and] may never be in existence," and therefore no "actual
controversy" exists sufficient to support this action under the
Declaratory Judgment Act.  Cross, supra, at 333.  The mere fact
that it is the insurer bringing the action, and not the injured
claimant, should make little difference.  In the end, all this
action now amounts to is an attempt by Plaintiff to obtain an
advisory opinion on potential liability for a claim that is not
yet ripe, which should not be permitted by this Court.

The above principles have also been applied to bar an
action by an insurer against a claimant.  In Cincinnati Insurance
Company v. Franck, 621 N.W.2d 270 (Minn. App. 2001), the court
addressed a declaratory judgment action brought by an umbrella
insurer.  In that case, the claimant had been injured in an
automobile collision.  The tort-feasor had a primary policy which
provided $500,000 in coverage through one insurer, and an
umbrella policy which provided an additional $3,000,000 in
coverage from another insurer.  Id.

- 12 -

Ultimately, the claimant in <u>Franck</u> settled with the primary insurer for $425,000, an amount slightly less than the $500,000 in primary limits, and then tried to settle with the umbrella insurer.  The umbrella insurer refused to discuss settlement, on the grounds that the umbrella coverage was not triggered because the full $500,000 in underlying limits had not been exhausted. The umbrella insurer also filed a declaratory judgment action, solely against the injured claimant, seeking a declaration that no coverage was owed under the umbrella policy.  <u>Id.</u> at 273.  The lower court granted the umbrella carrier summary judgment in that action.  <u>Id.</u>

On appeal, the Minnesota Court of Appeals reversed the lower court's decision, finding that the declaratory judgment action filed by the insurer was improper because it did not present an actual, justiciable controversy, but rather merely sought an improper advisory opinion.  As the court stated, "[t]he [claimants] could not proceed directly and solely against the . . . insurer without a judgment against the insureds.  The inverse is true as well; an insurer cannot bring an anticipatory declaratory-judgment action only against the injured party."  <u>Id.</u> at 274 (citations omitted).  This is precisely the argument the

Turner Defendants and Laurinaitis make here.[3]  See also Indemnity

Ins. Co. v. Kellas, 173 C.2d 120 (1ˢᵗ Cir. 1949) (finding that

declaratory judgment action is improper where only matter at

issue is a contingent, future possible controversy involving only

an insurer's duty to indemnify an unrealized judgment which might

never be obtained).

Moreover, Georgia law is consistent with these principles.

Georgia case law holds that a party not in privity of contract

may not bring a direct action suit against the liability insurer

of the party alleged to have caused damage absent an unsatisfied

judgment against the insured, legislative mandate, or as

permitted by a provision in the insurance policy at issue.  See,

e.g., Bacon v. Liberty Mut. Ins. Co., 198 Ga. App. 436, 401

S.E.2d 625 (1991).  As one Georgia court has noted, "[t]he fact

that [the insured], the party with whom the plaintiff was

dealing, had insurance might inure to the benefit of the

plaintiff, but no more so than the fact that it might be more

beneficial to one who is injured by another that such tort-feasor

was carrying liability insurance than if the tort-feasor had no

---

[3]    The mere fact that the Turner Defendants and Laurinaitis
are parties to this action does not affect this analysis.   In
light of their withdrawal of any requests for coverage or a
defense, no actual controversy exists between them and Plaintiff,
and the mere inclusion of them as defendants in this action does
itself create such a controversy.

insurance."  Insured Lloyds v. Bobo, 116 Ga. App. 89, 91, 156

S.E.2d 518 (1967); Edmond v. Continental Ins. Co., 249 Ga. App.

338, 548 S.E.2d 450 (2001).

    For example, in Googe v. Florida International Indemnity

Co., 262 Ga. 546, 422, 422 S.E.2d 552 (1992), in response to a

certified question sent to it by the Eleventh Circuit Court of

Appeals, the Georgia Supreme Court expressly stated that in the

absence of any right in the policy, an injured claimant had no

rights to bring an action for the reformation of an insurance

contract.  Again, as in the Franck case, "the inverse must be

true as well," and an insurer should be similarly barred from

filing an anticipatory declaratory judgment action based on a

contingency which does not exist and may never exist.

    Moreover, the Eleventh Circuit Court of Appeals and Courts

within this Circuit have continuously barred declaratory judgment

actions filed by insurers on coverage matters where no present

controversy on coverage exists and where the dispute itself will

only arise upon the occurrence of an uncertain, future event.

For example, in American Fidelity & Cas. Co. v. Pennsylvania

Threshermen & Farmers' Mutual Casualty Company, 280 F.2d 453 (5th

Cir. 1960), the former Fifth Circuit addressed a situation where

a motor vehicle accident was potentially covered by different

insurers, depending on the operation of certain "other insurance"

- 15 -

clauses contained in their respective policies.  The court
determined that a declaratory judgment action could not proceed
solely on the question of whether the insurers were required to
indemnify the insured.  More specifically, the Court found that a
declaratory judgment action on an insurer's indemnification
obligations before a judgment issued against an insured "sought a
declaration on a matter which might never arise," because, in
part, "for all we know, the suits [against the insured] might be
defeated."  Id. at 461.  The Court accordingly found that it
lacked subject matter jurisdiction, noting that "it is not the
function of a United States District Court to sit in judgment on
these nice and intriguing questions which may readily be
imagined, but may never in fact come to pass."  Id. (citations
omitted).  See also Allstate Ins. Co. v. Employers Liability
Assurance Corp., 445 F.2d 1278, 1281 (1971) (reaffirming, in the
context of a declaratory judgment lawsuit filed by an insurer,
the principle that "no action for declaratory relief will lie to
establish an insurer's liability . . . until a judgment has been
rendered against the insured since, until such judgment comes
into being, the liabilities are contingent and may never
materialize.").  Continental Cas. Co. v. Synalloy Corp., 667
F.Supp. 1550 (S.D. Ga. 1985 (following foregoing precedent and
finding that an insurer may not seek declaratory judgment on its

- 16 -

duty to indemnify in the absence of a judgment against the
insured); <u>Allstate Indemn. Co. v. Lewis</u>, 985 F.Supp. 1341 (M.D.
Ala. 1997) (finding that the issue of whether the insurer must
indemnify an insured was not ripe and did not present an actual
controversy, where insured had not yet been found liable in the
underlying case and such liability may never be found).[4]

In essence, these decisions stand for the proposition that a

---

[4]   The Turner Defendants and Laurinaitis recognize that
insurers are sometimes able to file declaratory judgment actions
on liability insurance coverage issues before judgment is
rendered against the insured, but in those circumstances, the
actions involved not only an insurer's duty to indemnify, but
also an insurer's duty to defend.   This is an important
distinction, because an insurer's duty to defend an insured faced
with a covered liability claim arises <u>before</u> a judgment is
rendered against that insured.   <u>See</u>, <u>e.g.</u>, <u>American Fidelity &</u>
<u>Cas. Co. v. Pennsylvania Threshermen & Farmers' Mutual Cas. Co.</u>
<u>Ins. Co.</u>, 280 F.2d 453, 458 (5th Cir. 1960).   As such, the mere
fact that a suit has been filed against the insured triggers an
immediate actual controversy between the insurer and its insured.

Here, though, the Turner Defendants and Laurinaitis are the
only entities which could potentially demand a defense from
Plaintiff, and they have expressly disavowed any request for such
a defense, now or in the future. As such, no actual controversy
exists regarding the duty to defend.   <u>See</u>, <u>e.g.</u>, <u>Employers Mut.</u>
<u>Cas. Co. v. Evans</u>, 76 F.Supp.2d 1257 (N.D. Ala. 1999) (discussing
distinction between duty to defend and duty to indemnify, in the
context of declaratory judgment actions).   The <u>only</u> issue
remaining in this case is Plaintiff's hypothetical duty to
indemnify Eudy in the future, in the uncertain, contingent event
that he obtains an unsatisfied judgment against the Turner
Defendants and/or Laurinaitis.   As the foregoing case law shows,
such a hypothetical obligation on the part of Plaintiff does not
provide the "actual controversy" required before this action can
proceed.

liability insurer is not permitted declaratory relief against its own insured on the issue of whether it is required to indemnify against an underlying judgment against its insured before the underlying judgment against its insured is obtained, because in the absence of such a judgment, no "actual controversy" exists. If that is the rule as to an insurer's rights to declaratory relief against its own insureds (who at least have an interest in the policy), then surely the same rule applies to declaratory relief premised on the speculative rights to indemnification of a potential third-party claimant (who, as above, has no interest in the policy absent a judgment against the insured).

Moreover, the Turner Defendants' and Laurinaitis' positions are entirely consistent with the twin doctrines of ripeness and mootness, which are themselves designed to ensure that federal courts only resolve actual controversies.  Mootness prevents a federal court's consideration of a matter which no longer constitutes a "present, live controversy."  Hall v. Beals, 396 U.S. 45, 48 (1969).  In light of the Turner Defendants and Laurinaitis's withdrawal of any request for coverage, defense, or indemnification, no such "present, live controversy" exists between these Defendants and Plaintiff.  As to the claims against Defendant Eudy, the only other defendant to this action, the doctrine of ripeness is designed to protect federal courts from

- 18 -

"wasting their resources through the review of potential or abstract disputes . . . and seeks to avoid entangling courts in the hazards of premature adjudication." Digital Properties, Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997)(quotations omitted). As stated throughout this Brief, and as recognized by the numerous authorities cited above, Eudy does not presently have a claim against Plaintiff and may very well never have such a claim, and any dispute which focuses on such uncertain contingencies is not ripe for this Court's determination.

Accordingly, the Turner Defendants and Laurinaitis respectfully submit that the instant action should be dismissed. No "actual controversy" exists between Plaintiff and the Turner Defendants or Laurinaitis, because all requests for coverage, defense, or indemnification made by these Defendants have been completely withdrawn. The only possible issue remaining between any of the parties is based on hypothetical, contingent, and uncertain rights which Eudy may have against Plaintiff at some future date, and relevant case law shows that a declaratory judgment action cannot be based on such a purported "controversy," which does not presently exist and which may never exist. The instant action cannot be sustained.

## C.   **Conclusion**

For the foregoing reasons, the Turner Defendants and Laurinaitis respectfully request that this Court grant the instant Motion to Dismiss and/or Motion for Judgment on the Pleadings and dismiss this case, with all costs cast against Plaintiff.

In accordance with Local Rule 7.1, the undersigned counsel certifies that the foregoing Brief in Support of Motion to Dismiss and/or for Judgment on the Pleadings has been prepared with one of the fonts approved by the Court in Local Rule 5.1, specifically Courier New, 12 point.

This 30th day of December, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Mark Dietrichs
Mark T. Dietrichs
Georgia Bar No.   221722

Tom Martin
Thomas D. Martin
Georgia Bar No.   475535

Brian M. Leepson
Georgia Bar No.   444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

- 20 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Brief in Support of Motion to Dismiss and/or for Judgment on the Pleadings** upon on all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Philip W. Savrin, Esq.
> Suite 1600
> 100 Galleria Parkway
> Atlanta, Georgia  30339-5948
> *Attorney for TIG Insurance Company*
>
> Stephen G. Weizenecker
> Weizenecker, Rose, Mottern & Fisher, PC
> Suite 620
> 1800 Peachtree Street, NW
> Atlanta, Georgia  30309
> *Attorney for Sidney R. Eudy*

This 23rd day of December, 2003.

> Respectfully submitted,
>
> SWIFT, CURRIE, McGHEE & HIERS, LLP
>
> _____
> Brian M. Leepson
> Georgia Bar No. 444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

1221023v1