ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,  :
:
        Plaintiff,       :
:
v.                       :   CIVIL ACTION FILE
:   NO.  1 03 CV 2096-**HTW**
UNIVERSAL WRESTLING CORP.,   :
INC. f/k/a WORLD CHAMPIONSHIP :
WRESTLING, INC., TURNER   :
SPORTS, INC., TURNER      :
ENTERTAINMENT GROUP, INC.  :
SIDNEY R. EUDY, and JOHNNY  :
LAURINAITIS,             :
:
        Defendants.      :

## MOTION FOR LEAVE TO FILE AMENDED ANSWERS

COME NOW DEFENDANTS UNIVERSAL WRESTLING CORPORATION f/k/a/

WORLD CHAMPIONSHIP WRESTLING, INC. (erroneously named in this

lawsuit as Universal Wrestling Corp., Inc. and hereinafter

"UWC"), TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC.,

and JOHNNY LAURINAITIS, and, pursuant to FED.R.CIV.P. 15, jointly

file this Motion for Leave to File Amended Answers, showing this

Honorable Court as follows:

1.

The instant action seeks a declaratory judgment regarding

the coverage obligations potentially owed by Plaintiff to

Defendant UWC, Defendant Turner Sports, Inc., and Defendant

Turner Entertainment Group, Inc. (hereinafter referred to

collectively as "the Turner Defendants"), and to Defendant Johnny

Laurinaitis (hereinafter "Laurinaitis") (collectively "Defendants").

2.

The Turner Defendants timely filed their Answers to this lawsuit on August 14, 2003. Laurinaitis timely filed his answer to this lawsuit on September 25, 2003.

3.

In their Answers, these Defendants withdrew all requests for coverage from Plaintiff, thereby obviating Plaintiff's need for the instant lawsuit. For the reasons expressed in the Motion to Dismiss and/or For Judgment on the Pleadings, filed concurrently with this Motion, these Defendants submit that as a result of their withdrawals of all requests for coverage from Plaintiff, the issues presented by this case are moot and/or are not ripe, and the "actual controversy" required for jurisdiction of this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*, does not exist.

4.

As such, the Turner Defendants and Laurinaitis requested that Plaintiff voluntarily dismiss this action. In conjunction with that request, via letter dated November 14, 2003, the Turner Defendants and Laurinaitis offered to file Amended Answers making clear that their withdrawal of their requests for insurance

coverage from Plaintiff was "with prejudice," i.e., that the Turner Defendants and Laurinaitis would not seek any such insurance coverage in the future for the liability at issue. (November 14, 2003 letter to Philip Savrin, attached hereto as Exhibit "1").  Enclosed with that letter were the Amended Answers which the Turner Defendants and Laurinaitis sought to file.  (See Amended Answers, attached hereto as Exhibits 2 through 5).

5.

Plaintiff has thus far refused to dismiss this action, and the Turner Defendants and Laurinaitis were therefore forced to file the Motion to Dismiss and/or for Judgment on the Pleadings referenced above.  Plaintiff also failed to respond to the Turner Defendants' and Laurinaitis' requests for Plaintiff's consent to the filing of the Amended Answers, and as such, the Turner Defendants and Laurinaitis have also been forced to file the instant Motion for Leave to File Amended Answers.

6.

Under Federal Rule of Civil Procedure 15, leave to file amended pleadings "shall be freely given when justice so requires."  See also Joplin v. Bias, 631 F.2d 1235 (5th Cir. 1980).  The Turner Defendants and Laurinaitis respectfully submit that they should be granted such leave in this case and be permitted to file the Amended Answers attached to this Motion,

- 3 -

which merely seek to affirmatively state their position that they withdraw their requests for coverage from Plaintiff with prejudice.

This **20th** day of December, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

_Mark Dietrichs_

Mark T. Dietrichs
Georgia Bar No.  221722

_Tom Martin_

Thomas D. Martin
Georgia Bar No.  475535

_Brian M. Leepson_

Brian M. Leepson
Georgia Bar No.  444758

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

- 4 -



# EXHIBIT / ATTACHMENT

(To be scanned in place of tab)

SWIFT, CURRIE, McGHEE & HIERS, LLP

JAMES T. McDONALD, JR.
JOHN F. SACHA
MICHAEL H. SCHRODER
STEPHEN L. COTTER
ROBERT R. POTTER
DOUGLAS A. BENNETT
MARK T. DIETRICHS
LYNN M. ROBERSON
MARK J. GOODMAN
JOSEPH A. MUNGER
R. BRIGGS PEERY
M. DIANE OWENS
K. MARC BARRÉ, JR.
C. BRADFORD MARSH
THOMAS D. MARTIN
BRADLEY S. WOLFF
FREDERICK OWEN FERRAND
JOHN W. CAMPBELL
STEPHEN M. SCHATZ
RICHARD H. SAPP, III
MICHAEL RYDER
DEBRA D. CHAMBERS
RICHARD A. WATTS
LISA A. WADE
DOUGLAS W. BROWN, JR
CHRISTOPHER D. BALCH
ANANDHI S. RAJAN
KENNETH A. DAVID
TIMOTHY C. LEMKE
H. LEE PRUETT
MATTHEW M. LISS
JAMES F. TAYLOR, III
DAVID CHARLES KING
JAMES D. JOHNSON
CABELL D. TOWNSEND

ATTORNEYS AT LAW

THE PEACHTREE

SUITE 300

1355 PEACHTREE STREET, N.E.

ATLANTA, GEORGIA 30309-3238

WWW.SWIFTCURRIE.COM

MAIN PHONE (404) 874-8800
FAX (404) 888-6199

DIRECT DIAL (404) 888-6127
e-mail: mark.dietrichs@swiftcurrie.com

MELISSA K. KAHREN
JENNIFER A. RIDDICK
TERRY O. BRANTLEY
ROBERT S. HUESTIS
BRIAN M. LEEPSON
J. STEPHEN BERRY
MAREN R. FROST
CRISTINE K. HUFFINE
MICHAEL T. BENNETT, JR.
KELLEY C. HERRIN
MORGAN M. CRESSMAN
MICHAEL ROSETTI
MICHAEL P. CARESTIA
CATHERINE MAZANOVA
SARA J. SAVAGE
BENJAMIN A. LEONARD
MICHAEL R. MARTIN
C. W. TAB BILLINGSLEY, JR
STEVEN J. DEFRANK
LAURA A. DENNARD
MELODY A. GLOUTON
STERLING A. HAWKINS
CHRISTINA J. BEVILL
S. DEANN BOMAR
JAMES S. WIDENER
GINO L. MONTOYA
BRYAN C. MAHAFFEY
NATHANIEL F. HANSFORD
M. BOYD JONES
W. DALE ELLIS, JR.
KINDU A. WALKER
DAVID W. WILLIS
HUMBERTO COLORADO, JR.
TODD A. BROOKS
CAROLYN CAIN BURCH
KNICOLE C. McCARTER

FRANK M. SWIFT
WARNER S. CURRIE
GLOVER McGHEE
JAMES B. HIERS, JR.
OF COUNSEL

November 14, 2003

*via FACSIMILE (770) 937-9960*
*and FIRST CLASS MAIL*
Philip W. Savrin, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948

    Re:    *TIG Insurance Company v. Universal Wrestling Corp., Inc. f/k/a*
              *World Championship Wrestling, Inc., Turner Sports, Inc., Turner*
              *Entertainment Group, Inc., Sidney R. Eudy, and Johnny*
              *Laurinaitis*
              U.S. District Court for the Northern District of Georgia
              Civil Action File No. 1:03-CV-2096-HTW

Dear Philip:

      As mentioned in our last letter to you, this letter will address our suggestions for changes to the Joint Preliminary Planning Report and Scheduling Order. Also, please find enclosed our Amended Answers that we wish to file on behalf of the Turner Defendants and on behalf of Mr. Laurinaitis, as well as a proposed Stipulation consenting to the filing of such Amended Answers. These answers withdraw any requests for coverage on behalf of the Turner Defendants and Laurinaitis with prejudice. The rules require either that the parties consent to the filing of such amended pleadings or that we obtain a court order from the judge permitting such amendments.

SWIFT, CURRIE, McGHEE & HIERS, LLP

Philip W. Savrin, Esq.
November 14, 2003
Page 2

While the substance of the amendments will obviously inure to the benefit of your client and while we expect that you would have no problem consenting to same, we do need your express authorization to sign the Stipulation on your behalf, so that we may avoid having to request a court order. Please let us know whether we are authorized to do so on or before Wednesday, November 19, 2003. By copy of this letter, we are also requesting that Mr. Weizenecker, counsel for Mr. Eudy, provide his express consent as well. Additionally, to the extent that any pleadings have been filed on behalf of Mr. Eudy, we would request that Mr. Weizenecker provide them to us.

Regarding our suggestions for changes to the Joint Preliminary Planning Report or Scheduling Order, please see the enclosed pleading, which contains selected paragraphs from that Report and our suggested insertions as to each. Where we have no suggestions, we have indicated as such. We have a few comments regarding our proposed additions and amendments, as follows.

Regarding paragraph 1(a), we believe that it is now inappropriate to indicate that this declaratory judgment action seeks to determine "what, if any defense and indemnity obligations . . . ." (emphasis added). As you know, the Turner Defendants and Laurinaitis have withdrawn any requests for coverage or a defense. You have responded that you are now maintaining this action on account of Mr. Eudy's potential, contingent, and unrealized rights against TIG, in the event that he obtains a judgment against the Turner Defendants or Laurinaitis which remains unsatisfied. Again, we reiterate that this is a wholly improper and meritless basis on which to maintain the instant action, and we urge you to dismiss same. Regardless, though, there can never be "defense" obligations owed to Mr. Eudy. As you will see, we have removed the word "defense" from our version of the response to paragraph 1(a), and it would be our suggestion that the parties use our version of that response instead of yours.

Regarding our proposed response to paragraph 1(b), you will see that while we included much of the same information you did in your response, there are important and substantive differences. If you are unwilling to adopt our version, then we suggest that you include both versions and indicate which party states which version.

Regarding our proposed response to paragraph 1(c), if you cannot agree to our version of the response to this subparagraph, then please just include both versions.

Regarding our response to paragraph 4, you will find our proposed objections contained at the end of our version of the Planning Report. You will also see that under paragraph 5(b), we have added an objection for improper joinder, based largely on the same grounds we have discussed with you repeatedly with regard to the improper nature of this action.

SWIFT, CURRIE, McGHEE & HIERS, LLP

Philip W. Savrin, Esq.
November 14, 2003
Page 3

Regarding our response to paragraph 6, we have added a sentence pertaining to the amended answers which we intend to file, upon your agreement to the enclosed Stipulation. We also added a sentence under paragraphs 7 and 12 with regard to our intended Motion to Dismiss and/or for Judgment on the Pleadings, discussed in our October 31, 2003 letter to you. Last, we need to fill in the blanks as to paragraph 13, which requires an in-person settlement conference between counsel for all parties.

Please incorporate our changes into the Planning Report. Before submitting same to the Court, please forward us a final draft, with the changes of all the parties, so that we may review that final version before it is filed.

Sincerely yours,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Mark T. Dietrichs

Brian M. Leepson

MTD/BML:lap

cc:     Stephen G. Weizenecker, Esq. (*via FACSIMILE – (404) 917-0979* w/encls.)



# EXHIBIT / ATTACHMENT

## 2

**(To be scanned in place of tab)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,              :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :   CIVIL ACTION FILE
                                    :   NO.  1 03 CV 2096
UNIVERSAL WRESTLING CORP.,          :
INC. f/k/a WORLD CHAMPIONSHIP       :
WRESTLING, INC., TURNER             :
SPORTS, INC., TURNER                :
ENTERTAINMENT GROUP, INC.           :
SIDNEY R. EUDY, and JOHNNY          :
LAURINAITIS,                        :
                                    :
        Defendants.                 :

## AMENDED ANSWER OF UNIVERSAL WRESTLING CORPORATION f/k/a WORLD CHAMPIONSHIP WRESTLING, INC.

COMES NOW Universal Wrestling Corporation f/k/a World Championship Wrestling, Inc., Defendant in the above-styled action, and files this Amended Answer to the Complaint for Declaratory Judgment, showing this Honorable Court as follows:

Defendant hereby incorporates by reference and restates in its entirety its prior Answer previously filed in this case, making only the following amendments:

1.

Defendant's Third Affirmative Defense is hereby deleted and replaced by the following:

## **THIRD AFFIRMATIVE DEFENSE**

Defendant is withdrawing with prejudice its request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy before this Court and this Complaint should therefore be dismissed.

2.

Defendant also hereby deletes its response to Paragraph 8 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant admits that Defendant Eudy's underlying lawsuit seeks damages exceeding $75,000, but denies that Defendant Eudy is entitled to any of the relief prayed for in that lawsuit. Defendant denies that there is a controversy between the parties, as Defendant in its Answer has withdrawn with prejudice its request for coverage from Plaintiff for the underlying lawsuit. Defendant denies all other allegations contained in Paragraph 8 of Plaintiff's . Complaint not specifically admitted herein.

- 2 -

3.

Defendant also hereby deletes its response to Paragraph 9 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint. By way of further explanation, Defendant in its Answer has withdrawn with prejudice its request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy between the parties and therefore no jurisdiction under 28 U.S.C. § 2201. Regarding 28 U.S.C. § 1332, Defendant lacks sufficient information regarding the citizenship of certain of the other Defendants, such that this Defendant cannot state whether there is complete diversity or not.

4.

Defendant also hereby deletes its response to Paragraph 10 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint. By way of further explanation, Defendant in its Answer has withdrawn with prejudice its

request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy between the parties and no proper venue before this Court.  Further, Defendant lacks information regarding the citizenship of certain of the other Defendants sufficient to admit or deny the other facts relevant to the determination of venue.

5.

Other than the foregoing changes, Defendant specifically realleges and restates all defenses, denials, and other statements contained in its original Answer for this Court.

This _____ day of November, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

_____
Mark T. Dietrichs
Georgia Bar No.  221722

_____
Thomas D. Martin
Georgia Bar No.  475535

_____
Brian M. Leepson
Georgia Bar No.  444758

- 4 -

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile



# EXHIBIT / ATTACHMENT

## 3

**(To be scanned in place of tab)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,              :
                                    :
      Plaintiff,                    :
                                    :
v.                                  :   CIVIL ACTION FILE
                                    :   NO.  1 03 CV 2096
UNIVERSAL WRESTLING CORP.,          :
INC. f/k/a WORLD CHAMPIONSHIP       :
WRESTLING, INC., TURNER             :
SPORTS, INC., TURNER                :
ENTERTAINMENT GROUP, INC.           :
SIDNEY R. EUDY, and JOHNNY          :
LAURINAITIS,                        :
                                    :
      Defendants.                   :

### AMENDED ANSWER OF TURNER ENTERTAINMENT GROUP, INC.

COMES NOW Turner Entertainment Group, Inc., Defendant in the above-styled action, and files this Amended Answer to the Complaint for Declaratory Judgment, showing this Honorable Court as follows:

Defendant hereby incorporates by reference and restates in its entirety its prior Answer previously filed in this case, making only the following amendments:

1.

Defendant's Third Affirmative Defense is hereby deleted and replaced by the following:

## **THIRD AFFIRMATIVE DEFENSE**

Defendant is withdrawing with prejudice its request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy before this Court and this Complaint should therefore be dismissed.

2.

Defendant also hereby deletes its response to Paragraph 8 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant admits that Defendant Eudy's underlying lawsuit seeks damages exceeding $75,000, but denies that Defendant Eudy is entitled to any of the relief prayed for in that lawsuit. Defendant denies that there is a controversy between the parties, as Defendant in its Answer has withdrawn with prejudice its request for coverage from Plaintiff for the underlying lawsuit. Defendant denies all other allegations contained in Paragraph 8 of Plaintiff's Complaint not specifically admitted herein.

3.

Defendant also hereby deletes its response to Paragraph 9 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.  By way of further explanation, Defendant in its Answer has withdrawn with prejudice its request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy between the parties and therefore no jurisdiction under 28 U.S.C. § 2201.  Regarding 28 U.S.C. § 1332, Defendant lacks sufficient information regarding the citizenship of certain of the other Defendants, such that this Defendant cannot state whether there is complete diversity or not.

4.

Defendant also hereby deletes its response to Paragraph 10 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.  By way of further explanation, Defendant in its Answer has withdrawn with prejudice its

request for coverage from Plaintiff for the underlying

lawsuit, and there is therefore no actual or justiciable

controversy between the parties and no proper venue before

this Court.  Further, Defendant lacks information regarding

the citizenship of certain of the other Defendants

sufficient to admit or deny the other facts relevant to the

determination of venue.

5.

Other than the foregoing changes, Defendant

specifically realleges and restates all defenses, denials,

and other statements contained in its original Answer for

this Court.

This ____ day of November, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

_____

Mark T. Dietrichs
Georgia Bar No.  221722

_____

Thomas D. Martin
Georgia Bar No.  475535

_____

Brian M. Leepson
Georgia Bar No.  444758

- 4 -

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile



# EXHIBIT / ATTACHMENT

## 4

**(To be scanned in place of tab)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,                  :
                                        :
      Plaintiff,                        :
                                        :
v.                                      :   CIVIL ACTION FILE
                                        :   NO.  1 03 CV 2096
UNIVERSAL WRESTLING CORP.,              :
INC. f/k/a WORLD CHAMPIONSHIP           :
WRESTLING, INC., TURNER                 :
SPORTS, INC., TURNER                    :
ENTERTAINMENT GROUP, INC.               :
SIDNEY R. EUDY, and JOHNNY              :
LAURINAITIS,                            :
                                        :
      Defendants.                       :

## AMENDED ANSWER OF TURNER SPORTS, INC.

COMES NOW Turner Sports, Inc., Defendant in the above-
styled action, and files this Amended Answer to the
Complaint for Declaratory Judgment, showing this Honorable
Court as follows:

Defendant hereby incorporates by reference and restates
in its entirety its prior Answer previously filed in this
case, making only the following amendments:

1.

Defendant's Third Affirmative Defense is hereby deleted
and replaced by the following:

## **THIRD AFFIRMATIVE DEFENSE**

Defendant is withdrawing with prejudice its request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy before this Court and this Complaint should therefore be dismissed.

2.

Defendant also hereby deletes its response to Paragraph 8 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant admits that Defendant Eudy's underlying lawsuit seeks damages exceeding $75,000, but denies that Defendant Eudy is entitled to any of the relief prayed for in that lawsuit. Defendant denies that there is a controversy between the parties, as Defendant in its Answer has withdrawn with prejudice its request for coverage from Plaintiff for the underlying lawsuit. Defendant denies all other allegations contained in Paragraph 8 of Plaintiff's Complaint not specifically admitted herein.

- 2 -

3.

Defendant also hereby deletes its response to Paragraph 9 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.  By way of further explanation, Defendant in its Answer has withdrawn with prejudice its request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy between the parties and therefore no jurisdiction under 28 U.S.C. § 2201.  Regarding 28 U.S.C. § 1332, Defendant lacks sufficient information regarding the citizenship of certain of the other Defendants, such that this Defendant cannot state whether there is complete diversity or not.

4.

Defendant also hereby deletes its response to Paragraph 10 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.  By way of further explanation, Defendant in its Answer has withdrawn with prejudice its

- 3 -

request for coverage from Plaintiff for the underlying
lawsuit, and there is therefore no actual or justiciable
controversy between the parties and no proper venue before
this Court.  Further, Defendant lacks information regarding
the citizenship of certain of the other Defendants
sufficient to admit or deny the other facts relevant to the
determination of venue.

5.

Other than the foregoing changes, Defendant
specifically realleges and restates all defenses, denials,
and other statements contained in its original Answer for
this Court.

This _____ day of November, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

_____
Mark T. Dietrichs
Georgia Bar No.  221722

_____
Thomas D. Martin
Georgia Bar No.  475535

_____
Brian M. Leepson
Georgia Bar No.  444758

- 4 -

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile



# EXHIBIT / ATTACHMENT

## 5

**(To be scanned in place of tab)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIG INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO.  1 03 CV 2096 |
| UNIVERSAL WRESTLING CORP., | : | |
| INC. f/k/a WORLD CHAMPIONSHIP | : | |
| WRESTLING, INC., TURNER | : | |
| SPORTS, INC., TURNER | : | |
| ENTERTAINMENT GROUP, INC. | : | |
| SIDNEY R. EUDY, and JOHNNY | : | |
| LAURINAITIS, | : | |
| | : | |
| Defendants. | : | |

## AMENDED ANSWER OF JOHNNY LAURINAITIS

COMES NOW Johnny Laurinaitis, Defendant in the above-styled action, and files this Amended Answer to the Complaint for Declaratory Judgment, showing this Honorable Court as follows:

Defendant hereby incorporates by reference and restates in its entirety its prior Answer previously filed in this case, making only the following amendments:

1.

Defendant's Third Affirmative Defense is hereby deleted and replaced by the following:

## **THIRD AFFIRMATIVE DEFENSE**

Defendant is withdrawing with prejudice his request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy before this Court and this Complaint should therefore be dismissed.

2.

Defendant also hereby deletes its response to Paragraph 8 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant admits that Defendant Eudy's underlying lawsuit seeks damages exceeding $75,000, but denies that Defendant Eudy is entitled to any of the relief prayed for in that lawsuit. Defendant denies that there is a controversy between the parties, as Defendant in his Answer has withdrawn with prejudice his request for coverage from Plaintiff for the underlying lawsuit. Defendant denies all other allegations contained in Paragraph 8 of Plaintiff's Complaint not specifically admitted herein.

- 2 -

3.

Defendant also hereby deletes its response to Paragraph 9 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint. By way of further explanation, Defendant in his Answer has withdrawn with prejudice his request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy between the parties and therefore no jurisdiction under 28 U.S.C. § 2201. Regarding 28 U.S.C. § 1332, Defendant lacks sufficient information regarding the citizenship of certain of the other Defendants, such that this Defendant cannot state whether there is complete diversity or not.

4.

Defendant also hereby deletes its response to Paragraph 10 of its response to Plaintiff's Complaint, replacing it in its entirety with the following:

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint. By way of further explanation, Defendant in its Answer has withdrawn with prejudice his

request for coverage from Plaintiff for the underlying lawsuit, and there is therefore no actual or justiciable controversy between the parties and no proper venue before this Court.  Further, Defendant lacks information regarding the citizenship of certain of the other Defendants sufficient to admit or deny the other facts relevant to the determination of venue.

5.

Other than the foregoing changes, Defendant specifically realleges and restates all defenses, denials, and other statements contained in its original Answer for this Court.

This _____ day of November, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

_____
Mark T. Dietrichs
Georgia Bar No.  221722

_____
Thomas D. Martin
Georgia Bar No.  475535

_____
Brian M. Leepson
Georgia Bar No.  444758

- 4 -

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Motion for Leave to File Amended Answers** upon on all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Philip W. Savrin
> Suite 1600
> 100 Galleria Parkway
> Atlanta, Georgia   30339-5948
> *Attorney for TIG Insurance Company*

> Stephen G. Weizenecker
> Weizenecker, Rose, Mottern & Fisher, PC
> Suite 620
> 1800 Peachtree Street, NW
> Atlanta, Georgia   30309
> *Attorney for Sidney R. Eudy*

This 30th day of December, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

Brian M. Leepson
Georgia Bar No. 444758

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

- 5 -

1221028v1