

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 2 1 2004

LUTHER D. THOMAS, Clerk
By:
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,               :
                                     :
        Plaintiff,                   :
                                     :
v.                                   :       CIVIL ACTION FILE
                                     :       NO. 1:03-CV-2096-HTW
UNIVERSAL WRESTLING CORP.,           :
INC. f/k/a WORLD CHAMPIONSHIP        :
WRESTLING, INC., TURNER              :
SPORTS, INC., TURNER                 :
ENTERTAINMENT GROUP, INC.,           :
SIDNEY R. EUDY, and JOHNNY           :
LAURINAITIS,                         :
                                     :
        Defendants.                  :

## JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE OF PLAINTIFF AND DEFENDANTS UNIVERSAL WRESTLING CORP. INC. f/k/a WORLD CHAMPIONSHIP WRESTLING, INC., TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC. AND JOHNNY LAURINAITIS

COME NOW plaintiff TIG Insurance Company and defendants Universal Wrestling Corporation (f/k/a World Championship Wrestling, Inc. and incorrectly named in the style of this case as "Universal Wrestling Corp., Inc."), Turner Sports, Inc., Turner Entertainment Group, Inc. and Johnny Laurinaitis, and file this, their Joint Preliminary Report and Discovery Schedule. Defendant Sidney R. Eudy is not part of this submission because he has not responded to solicitations for input from the other parties.

1.    **Description Of Case**:

    **(a)   Describe briefly the nature of this action.**

This is a complaint for declaratory judgment to determine what, if any, coverage obligations TIG has from an insurance

15

policy issued to Universal Wrestling Corporation for a lawsuit brought by Sidney Eudy.

**(b)    Summarize, in the space provided below, the facts of this case.   The summary should not be argumentative nor recite evidence.**

**Plaintiff's Statement of Facts:**

Sidney Eudy wrestled professionally for World Championship Wrestling, Inc., now known as Universal Wrestling Corporation (UWC), pursuant to an employment agreement.  On January 14, 2001, Eudy injured his left leg during a WCW wrestling match.  At the time of the injury, WCW was a division of Turner Sports, Inc, which was a division of Turner Entertainment Group, Inc.  Eudy filed a lawsuit in the Superior Court of Fulton Count against UWC, Turner Sports, Inc. and Turner Entertainment Group, Inc. seeking to recover under common law theories for the injuries he allegedly received on January 14, 2001.

UWC tendered Eudy's complaint to TIG for coverage pursuant to a commercial general liability policy ("CGL policy") issued for the policy period April 1, 2000 to April 1, 2001.  After reviewing Eudy's initial complaint, TIG denied coverage because Eudy was not seeking damages covered by the terms of the policy.

Eudy subsequently filed a second amended complaint that asserted additional claims and added Johnny Laurinaitis, a UWC employee, as a defendant.  UWC and Laurinaitis both tendered the

2

second amended complaint to TIG for coverage.   TIG reviewed the allegations of the second amended complaint, and agreed to defend pursuant to a reservation of rights agreement.

TIG then filed its complaint for declaratory judgment with this Court on July 24, 2003 to determine its obligations to defend and/or indemnify UWC, Turner Sports, Inc., Turner Entertainment Group, Inc., and Laurinaitis against Eudy's lawsuit.   TIG questions whether coverage exists because of provisions in its policy that exclude coverage for bodily injury to employees and deny insured status to employees who injure co-employees.

TIG further objects to the separate statement of facts set forth by the Turner Defendants below because it is highly argumentative and beyond the scope of the local rules concerning the content of a Preliminary Planning Report.   In particular, TIG disagrees that it is "insisting" on litigating "hypothetical" issues.   As TIG has explained repeatedly to counsel for the Turner Defendants, a "case or controversy" exists under the unique context of this case.   TIG will reserve its legal argument for the presentation in a brief to this Court at the appropriate time.

**Turner Defendants' Laurinaitis' Statement of Facts:**

Sidney   Eudy   provided   wrestling   services   for   World Championship   Wrestling,   Inc.   (WCW),   now   known   as   Universal Wrestling Corporation (UWC), pursuant to an Independent Contractor Agreement with WCW.   On January 14, 2001, Eudy purportedly injured

3

his left leg during a wrestling match.  Eudy filed a lawsuit in the Superior Court of Fulton County against UWC, Turner Sports, Inc., and Turner Entertainment Group, Inc. (collectively the "Turner Defendants"), seeking to recover for injuries he allegedly received on January 14, 2001 (hereinafter "the Lawsuit").

To ensure that their interests were protected, the Turner Defendants forwarded Eudy's complaint to TIG for consideration under coverages they had in place with TIG.  TIG denied coverage for the Lawsuit.  Later, Eudy filed a second amended complaint which asserted additional claims and added Johnny Laurinaitis as a defendant.  Again, to ensure that their interests were protected, the Turner Defendants and Laurinaitis forwarded the second amended complaint to TIG for consideration under the Turner Defendants' coverages.  Subsequently, TIG decided to assume the defense of the Lawsuit, pursuant to a reservation of rights letter dated May 7, 2003.  This declaratory judgment action followed.

However, all requests for coverage from TIG made by the Turner Defendants and Laurinaitis have since been withdrawn.  In response to the filing of this declaratory judgment action, the Turner Defendants and Laurinaitis voluntarily withdrew any request for coverage, indemnification, or a defense of the Lawsuit under any liability coverages that TIG provides.  As a result, no requests for coverage remain, and the controversy alleged by Plaintiff in its Complaint does not exist.

4

Accordingly, because the Turner Defendants and Laurinaitis are not seeking coverage or a defense from TIG, and because that fact renders this entire declaratory judgment moot, requests were made that TIG voluntarily dismiss this lawsuit. TIG has refused and insists on litigating alleged, hypothetical coverage issues between itself and insureds or putative insureds who are not seeking coverage. By contrast, the Turner Defendants and Laurinaitis contend that this action should be dismissed because the actual controversy required to support such a declaratory judgment action and to support jurisdiction of this matter does not exist.

**(c) The legal issues to be tried are as follows:**

**By Plaintiff:**

1. Is Johnny Laurinaitis an insured under the commercial general liability policy issued by TIG?

2. Are Eudy's claims covered under the commercial general liability policy issued by TIG or is coverage barred by the policy's exclusions?

**By Turner Defendants:**

Whether, in light of the withdrawal of any request for coverage by anyone alleged to be liable in Eudy's underlying lawsuit, the instant declaratory judgment action should be dismissed for lack of subject matter jurisdiction, in that there is no

5

actual, justiciable controversy between the parties and in that the issues this action presents are not ripe for determination and/or are moot.

**d)**      **The cases listed below (include both style and action number) are:**

**(1)  Pending Related Cases:**

Sidney R. Eudy v. Universal Wrestling Company, Inc. f/k/a World Championship Wrestling, Inc., Turner Sports, Inc., and Turner Entertainment Group, Inc., State Court of Fulton County Civil Action Number 02CV48513.

**(2)  Previously Adjudicated Related Cases:**  None.

**(2)  This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____**(1)  Unusually large number of parties.**

_____**(2)  Unusually large number of claims or defenses.**

_____**(3)  Factual issues are exceptionally complex.**

_____**(4)  Greater than normal volume of evidence.**

_____**(5)  Extended discovery period is needed.**

_____**(6)  Problems locating or preserving evidence.**

_____**(7)  Pending parallel investigations or action by government.**

_____**(8)  Multiple use of experts.**

_____**(9)  Need for discovery outside United States boundaries.**

_____**(10) Existence of highly technical issues and**

6

proof.

3.   **Counsel**:

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**                    Philip W. Savrin, Esq.
                                  FREEMAN MATHIS & GARY, LLP
                                  100 Galleria Parkway
                                  Suite 1600
                                  Atlanta, Georgia  30339-5948

**Turner Defendants              Mark Dietrichs, Esq.
and Laurinaitis:**               Swift, Currie, McGee & Hiers, LLP
                                  1355 Peachtree Street, N.E.
                                  Suite 300
                                  Atlanta, Georgia 30309
                                  Counsel for Defendants
                                  **Universal Wrestling Corp.,
                                  Turner Sports, Inc.,
                                  Turner Entertainment Group, Inc.,
                                  and Johnny Laurinaitis**

4.   **Jurisdiction**:

**Is there any question regarding this Court's jurisdiction?**

__x__ **Yes**          ____ **No**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.**

See attached statements from counsel for the Turner Defendants and Laurinaitis and statement from plaintiff TIG.

7

5.   **Parties To This Action**:

(a)   **The following persons are necessary parties who have not been joined**: None known at this time.

(b)   **The following persons are improperly joined as parties**:

The Turner Defendants and Laurinaitis state that they are improperly joined as Defendants, as none of them are seeking coverage from TIG.  TIG contends that these parties are properly joined because they have refused to indemnify TIG from any third party claims, thereby leaving the matter of coverage ripe for review at this time.

(c)   **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted**:

Universal Wrestling Corporation is improperly named in the style of this lawsuit as "Universal Wrestling Corp., Inc."

(d)   **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.   **Amendments To The Pleadings**:

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. Further instructions**

8

regarding amendments are contained in LR 15.

(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:

**By Turner Defendants:**

Pursuant to the withdrawal of any request they have for coverage for the underlying Eudy lawsuit, the Turner Defendants and Laurinaitis have filed a motion seeking leave to file amended answers making clear that any requests for coverage they may have made are withdrawn with prejudice.

**By Plaintiff:**

The plaintiff anticipates filing a motion regarding the proper designation of defendant Universal Wrestling Corporation which appears to be improperly named in the style of this lawsuit as "Universal Wrestling Corp., Inc."

(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.   <u>Filing Times For Motions</u>:

All motions should be filed as soon as possible.   The Local Rules set specific filing limits for some motions.   These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained

prior permission of the Court to file later.   Local Rule 7.1A(2).

      **(a)**   <u>Motions to Compel</u>:   before the close of discovery or within the extension period allowed in some instances.   Local Rules 37.1.

      **(b)**   <u>Summary Judgment Motions</u>:   within twenty (20) days after the close of discovery, unless otherwise permitted by Court order.   Local Rule 56.1.

      **(c)**   <u>Other Limited Motions</u>:   refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions and motions for reconsideration.

      **(d)**   <u>Motions Objecting to Expert Testimony</u>:   <u>Daubert</u> motions with regard to expert testimony no later than date that the proposed pretrial order is submitted.

    **By Turner Defendants:**

The Turner Defendants and Laurinaitis have filed a Motion to Dismiss and/or for Judgment on the Pleadings, based on their withdrawal of any request for coverage or a defense from TIG and because the instant declaratory judgment action should therefore be dismissed for lack of subject matter jurisdiction, in that there is no actual, justiciable controversy between the parties and in that the issues this action presents are not ripe for determination and/or are now moot.

10

8.   <u>Initial Disclosures</u>:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.   If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.

No party objects to initial disclosures at this time.

9.   <u>Request for Scheduling Conference</u>:

Does any party request a scheduling conference with the Court?   If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

10.  <u>Discovery Period</u>:

The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint.   As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period; (b) four (4)-months discovery period; and (c) eight (8)-months discovery period.   A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time

11

**of filing.**

This case is on the four-month discovery period. However, the Turner Defendants and Laurinaitis request that discovery be stayed in this case, pending this court's resolution of their Motion to Dismiss and/or for Judgment on the Pleadings.

**Please state below the subjects on which discovery may be needed:**

The nature of the relationship between Eudy and UCW, the terms of the insurance policy, and the claims asserted against the insureds in the underlying lawsuit.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

The Turner Defendants and Laurinaitis contend that this case is improper and have filed a Motion to Dismiss and/or for Judgment on the Pleadings.   In that regard, the Turner Defendants and Laurinaitis request that discovery in this case be stayed pending this court's ruling on said motion.

**11.   Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None requested at this time.

12

12.  **Other Orders**:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

**By Turner Defendants**:

The Turner Defendants and Laurinaitis have filed a Motion to Dismiss and/or for Judgment on the Pleadings, based on their withdrawal of any request for coverage or a defense from Plaintiff.  In that regard, as noted in response to subsection 10 above, these defendants request that this court stay discovery in this case pending this court's ruling on said motion.

**By TIG**:

TIG objects to the Turner Defendants' repeated inclusion of argument in the body of a Preliminary Planning Report, and their injection of incomplete and contested facts in this manner.  TIG will reserve its presentation of argument for a brief filed at the appropriate time.

13.  **Settlement Potential**:

> (a) **Lead counsel for the parties certify by their signatures below that they participated in an early planning conference during the months of October and November, 2003, and that they participated in settlement discussions, as required by LR 16.1.  Other persons who participated in the settlement discussions are**

13

listed according to party.

**For Plaintiff: Lead Counsel,** Philip W. Savrin

_____ _Philip W Savrin (by KEP)_ _____

**For Turner Defendants: Lead Counsel,** Mark Dietrichs

_____ _March Dictrichs (by KEP)_ _____

(b)   **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

_____   **A possibility of settlement before discovery;**

_____   **A possibility of settlement after discovery;**

_____   **A possibility of settlement, but a conference with the Judge is needed.**

\_\_\_X\_\_   **No possibility of settlement.**

(c)   **Counsel (\_\_\_\_) do or (\_X\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.   The proposed date of the next settlement conference is currently undetermined.**

(d)   **The following specific problems have created a hindrance to settlement of this case:**

**By Plaintiff:**

TIG has offered to resolve this case through a release of all claims by all parties.   The Turner Defendants will not agree to a

14

complete release of TIG from all potential third-party exposures, thereby leaving TIG exposed to a coverage claim arising from Eudy's liability lawsuit.    For his part, Eudy has been non-responsive to TIG's request for dismissal with prejudice.    TIG went so far as to prepare a release for all parties' signatures, to which no parties have responded at all.    It thus appears that this Court will need to resolve the limitations of TIG's coverage obligations, if any, for the claims asserted in the underlying case.

### By Turner Defendants:

The   Turner   Defendants   and   Laurinaitis   have   sought   to facilitate the amicable resolution of this lawsuit by withdrawing their   requests   for   coverage   or   a   defense   for   the   underlying lawsuit brought by Eudy.    Despite the withdrawal of any request for coverages TIG sought to place at issue in this lawsuit, TIG refuses to voluntarily dismiss without prejudice this lawsuit. With regard to the release referenced by plaintiff above, the Turner Defendants and Laurinaitis submit that they did respond to that release, objecting to the provision contained therein which required   the   Turner   Defendants   and   Laurinaitis   to   indemnify plaintiff for third-party liability.    For the reasons expressed in their Motion to Dismiss and/or Motion for Judgment on the Pleadings,   the   Turner   Defendants   and   Laurinaitis   contend   that this request for indemnification is wholly improper.

15

14.   **Trial By Magistrate Judge**:

**Note:**   Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (__x__) do not consent to having this case tried before a magistrate judge of this Court.

(b)   The parties (_____) do consent to having this case tried before a magistrate judge of this Court.


Completed form submitted this 20th day of January, 200 4.

*Philip W. Savrin (by KPP)*

Philip W. Savrin
Georgia Bar No. 627836
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T: (770) 818-0000
F: (770) 937-9960
**Counsel for Plaintiff**
**TIG Insurance Company**

*Mark Dietrichs (by KPP)*

Mark Dietrichs
Georgia Bar No. 221722
Swift, Currie, McGee & Hiers, LLP
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
T:  (404) 874-8800
F:  (404) 888-6199
**Counsel for Turner Defendants**

16

* * * * * * * *

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Scheduling Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery and discussing settlement are as stated in the above-completed form, except as herein modified.

_____

_____

_____

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2004.

_____
HORACE T. WARD
UNITED STATES DISTRICT JUDGE

**JURISDICTIONAL OBJECTION OF THE TURNER DEFENDANTS AND LAURINAITIS**

The Turner Defendants and Laurinaitis have withdrawn any request for coverage or a defense from Plaintiff TIG, and accordingly requested that TIG voluntarily dismiss this action because no actual controversy remained. In response, TIG stated that it would continue this action because if Defendant Eudy were to obtain a judgment in the underlying action, and if that judgment were not satisfied, then Eudy may have a direct action against TIG. Until and unless that were to happen, however, Eudy has no claim against TIG. It is on account of this future, contingent possibility that TIG asserts it has the right to maintain this declaratory judgment action.

Such a potential, future, and unrealized contingency cannot provide the basis for this Court's jurisdiction. TIG merely seeks an advisory opinion on an issue that is not yet ripe, and this action does not present the "actual controversy" required under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) or under Article III, section two of the United States Constitution, which specifically allows federal courts to act only in "cases or controversies." Maness v. Alabama Farm Bureau Mut. Cas. Ins. Co., Inc., 416 So.2d 979 (Ala. 1982); Cross v. Occidental Fire and Cas. Co., 347 F.Supp. 342 (W.D.Okl. 1972); Hunt v. State Farm Mut. Automobile Ins. Co., 655 F.Supp. 284 (D.Nev. 1987); Cincinnati Ins. Co. v. Franck, 621 N.W.2d 270 (Minn. App. 2001).

## **JURISDICTIONAL STATEMENT OF PLAINTIFF TIG**

In the seminal case of <u>Maryland Casualty Company v. Pacific</u> <u>Coal & Oil Company</u>, 312 U.S. 270, 61 S.Ct. 510 (1941), the Supreme Court outlined the jurisdictional basis of the instant action when it held that insurer's complaint for a declaratory judgment asserting it is not liable on a policy for defense or indemnity to the insured presents an "actual controversy," **not only** with the insured, but also with the injured person, who has a statutory right to proceed against the insurer under Ohio law if the insured failed to satisfy a final judgment.   <u>Maryland</u> <u>Casualty</u>, 312 U.S. at 274, 61 S.Ct. at 513.   The <u>Maryland</u> <u>Casualty</u> court premised the case or controversy on the injured person's ability to bring an action directly against the insured under Ohio law.  <u>Id</u>.  The same such ability is found in Georgia. See <u>See Smith v. GEICO</u>, 179 Ga. App. 654, 655, 347 S.E.2d 245, 246 (1986) ("[w]hen a judgment has been obtained against the insured which fixes the liability of the insured, an action may be maintained directly against the insurer for the proceeds of the policy"); <u>Commercial Union Insurance Co. v. Bradley Co.</u>, 186 Ga. App. 610, 367 S.E.2d 820 (1988)(judgment creditor is entitled to bring a direct action against debtor 's insurer); <u>Arnold v.</u> <u>Walton</u>, 205 Ga. 606, 54 S.E.2d 424 (1994)(judgment creditor has direct cause of action against debtor's insurer resulting from unsatisfied judgment against the insured).