ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB  6 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,                  :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :   CIVIL ACTION FILE
                                        :   NO.  1 03 CV 2096-WBH
UNIVERSAL WRESTLING CORP.,              :
INC. f/k/a WORLD CHAMPIONSHIP           :
WRESTLING, INC., TURNER                 :
SPORTS, INC., TURNER                    :
ENTERTAINMENT GROUP, INC.               :
SIDNEY R. EUDY, and JOHNNY              :
LAURINAITIS,                            :
                                        :
        Defendants.                     :

## DEFENDANTS' MOTION AND BRIEF TO STAY DISCOVERY

COME NOW DEFENDANTS UNIVERSAL WRESTLING CORPORATION f/k/a
WORLD CHAMPIONSHIP WRESTLING, INC. (erroneously named in this
lawsuit as Universal Wrestling Corp., Inc. and hereinafter
"UWC"), TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC.,
and JOHNNY LAURINAITIS, and, pursuant to Fed.R.Civ.P. 26(c), move
this Court for a stay of discovery in this case, showing this
Honorable Court as follows:

1.

Defendants filed their Motion to Dismiss and/or For Judgment
on the Pleadings in this matter on December 30, 2003.  In that
Motion, Defendants contend that this action is entirely improper
and should be dismissed on the grounds that no "actual
controversy" is presented between the parties sufficient for this

Court to exercise subject matter jurisdiction over this case and that the claims are moot and/or are not ripe for adjudication.

2.

That motion is still pending.  In the interim, Plaintiff has served written discovery requests on Defendants.

3.

Defendants respectfully request that this Court exercise its discretion under the Federal Rules, Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996) *cert. denied* 117 S. Ct. 2422 (1997), to relieve them from providing any further responses to said discovery requests and that all additional discovery in this matter be stayed, until such time as this Court rules on their Motion to Dismiss and/or For Judgment on the Pleadings.

4.

Defendants Motion to Dismiss and/or for Judgment on the Pleadings is entirely dispositive of this matter.  If successful, Defendants' Motion will relieve Defendants of all burdens of litigation, including, without limitation, attorneys' fees and other expenses.  Defendants respectfully submit that by staying discovery until the resolution of Defendants' Motion to Dismiss, this Court will enable the parties to avoid incurring unnecessary attorneys' fees and other expenses and the time and burden imposed by discovery.

5.

The interests of justice are furthered by the stay of discovery requested herein.

WHEREFORE, Defendants pray that this motion be heard and that discovery in this matter be stayed pending the Court's resolution of Defendants' pending Motion to Dismiss and/or for Judgment on the Pleadings.

This 6TH day of February, 2004.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Mark T. Dietrichs
Georgia Bar No.  221722

Brian M. Leepson
Georgia Bar No.  444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Motion to Stay Discovery** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Philip W. Savrin, Esq.
> Mark W. Weaver, Esq.
> Freeman Mathis & Gary, LLP
> 100 Galleria Parkway, Ste. 1600
> Atlanta, GA   30339-5948
> *Attorneys for Plaintiff*
>
> Stephen G. Weizenecker, Esq.
> Weizenecker, Rose, Mottern & Fisher, P.C.
> 1800 Peachtree Street, N.W., Ste. 620
> Atlanta, GA   30309
> *Attorneys for Defendant, Sidney R. Eudy*

This 6th day of February, 2004.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Brian M. Leepson
Georgia Bar No.  444758

The Peachtree – Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 – Facsimile

– 4 –

1239415v1

ORIGINAL

FILED IN CLERK'S OFFICE
U S D C  Atlanta

FEB  6 2004

LUTH___              ___, Clerk
By:         _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,                    :
                                          :
        Plaintiff,                        :
                                          :
v.                                        :    CIVIL ACTION FILE
                                          :    NO.  1 03 CV 2096-WBH
UNIVERSAL WRESTLING CORP.,                :
INC. f/k/a WORLD CHAMPIONSHIP             :
WRESTLING, INC., TURNER                   :
SPORTS, INC., TURNER                      :
ENTERTAINMENT GROUP, INC.                 :
SIDNEY R. EUDY, and JOHNNY                :
LAURINAITIS,                              :
                                          :
        Defendants.                       :

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS

COME NOW DEFENDANTS UNIVERSAL WRESTLING CORPORATION f/k/a/ WORLD CHAMPIONSHIP WRESTLING, INC. (hereinafter "UWC"), TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC. (collectively the "Turner Defendants"), and JOHNNY LAURINAITIS, and jointly file this Reply Brief in Support of Motion to Dismiss and/or for Judgment on the Pleadings, showing this Honorable Court as follows:

### Introduction

Plaintiff's arguments in response to the instant Motion are misplaced and should be rejected.  Plaintiff misstates the relevant issues and ignores the substantial and controlling law which requires the dismissal of this action.[1]  The instant Motion should be granted.

---

[1]  Please note that Plaintiff also misstates the corporate relationship and structure between Defendants Universal Wrestling Corporation, Turner Sports, Inc., and Turner Entertainment Group, Inc. All three Defendants are nevertheless equally entitled to the dismissal requested herein.

## Argument and Citation of Authority

### I.   Controlling authority in this Circuit shows that no actual controversy exists and that this lawsuit should be dismissed.

Plaintiff's response centers on its citation to out-of-circuit authority which purportedly stands for the proposition that an actual controversy is presented by this case.  However, even assuming that the cases that Plaintiff cites stand for what Plaintiff says they stand for (which they do not), those cases are essentially irrelevant. The courts of this Circuit have spoken on the relevant issues, and the import of their decisions is clear:  No actual controversy is presented by this lawsuit, and this lawsuit should be dismissed.

Tellingly, Plaintiff completely ignores the decisions of the courts of this Circuit, cited by Defendants in their initial Brief, which speak to the critical issue, namely:  Does this declaratory judgment action, in which the sole issue is whether an insurer has duty to indemnify a contingent and hypothetical judgment which does not exist and may never exist, present an actual controversy upon which this Court's jurisdiction and authority should be predicated?

In American Fidelity & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mutual Cas. Co., 280 F.2d 453 (5ᵗʰ Cir. 1960), the former Fifth Circuit answered that question "no."  In that case, an insurer[2] sought a judgment that a motor vehicle accident involving its insured

---

[2]   This case's decision, like many others cited by Defendants in their initial Brief, involved a declaratory judgment action filed by an insurer.  In its response, Plaintiff repeatedly – and falsely – states that the Defendants failed to cite to favorable decisions involving declaratory judgment actions filed by insurers.

was covered by other insurers, and that the insurer therefore had no duty to defend its insured or to indemnify its insured for a potential future judgment arising out of that accident.  As here, the insurer filed its action against its own insured and against the claimant (as well as the other insurers).  Also, as here, the claimant had previously filed a personal injury lawsuit against the insured which was still pending at the time the declaratory judgment action was filed; no judgment against the insured had yet been obtained.

As to the insurer's duty to defend its insured for the underlying personal injury lawsuit, the Court found that an actual controversy existed, but then resolved that controversy in favor of the insured. With the duty to defend resolved, the only issue left was whether the insurer had a duty to indemnify the insured for any potential judgment that the claimant might obtain against the insured in the future.

The former Fifth Circuit found that the lower court properly declined the authority to hear and adjudicate the insurer's duty to indemnify a judgment which had not been obtained and might never be obtained.  Specifically, the appellate court found that a declaratory judgment action on an insurer's obligation to indemnify its insured for a judgment, filed before any judgment was obtained against its insured, "sought a declaration on a matter which might never arise," because, in part, "for all we know, the suits [against the insured] might be defeated."  Id. at 461.  The Court therefore found that the district court had properly dismissed the action, because "it is not the function of a United States District Court to sit in judgment on

- 3 -

these nice and intriguing questions which may readily be imagined, but may never in fact come to pass." Id. (citations omitted).

The parallels to our case are clear. As in American Fidelity, Plaintiff's duty to defend is no longer an issue: The Turner Defendants and Laurinaitis, the only entities with a potential right to a defense from Plaintiff, have expressly withdrawn with prejudice all requests for such a defense. The only remaining issue is whether Plaintiff has a duty to indemnify any judgment which might be obtained against the Turner Defendants and Laurinaitis. As in American Fidelity, such a judgment has not been obtained and may never be obtained, and therefore no present, live controversy exists.

Indeed, there is even less of a controversy here: In American Fidelity, there was at least a possibility that the insured might seek coverage for a possible judgment obtained against it. Here, the Turner Defendants and Laurinaitis have expressly and with prejudice disclaimed any right to have Plaintiff indemnify them for any judgment that Eudy might obtain against them. The only person who could hypothetically make a claim against Plaintiff is Eudy, who has no present rights in the subject policy and who will only gain such rights if he obtains a judgment against the Turner Defendants and/or Laurinaitis which remains unsatisfied. American Fidelity controls the outcome of this Motion, and this lawsuit should be dismissed. See also Allstate Ins. Co. v. Employers Liab. Assurance Corp., 445 F.2d 1278, 1281 (11th Cir. 1971) (reaffirming that "no action for declaratory relief will lie to establish an insurer's liability . . .

- 4 -

until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize."); Great Northern Paper Co. v. Babcox & Wilcox Co., 46 F.R.D. 67 (N.D. Ga. 1968) (following American Fidelity and finding that "the liability of [the insurer] does not even come into question until and unless [the insured] is held liable for [the claimant's] injuries" and that "[t]he court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur," because "[t]o do so would amount to an advisory opinion, which this court cannot give."); Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc., 945 F.Supp. 1410 (M.D. Ala. 1996) (same); Allstate Indem. Co. v. Lewis, 985 F.Supp. 1341 (M.D. Ala. 1997) (same).  All these cases are (1) from courts within this Circuit, (2) were filed by insurers (not claimants), and (3) hold that where the court's only issue is an insurer's duty to indemnify a potential, contingent judgment, which does not exist and may never exist, no actual controversy exists and the action should be dismissed.[3]

Moreover, this line of authority is consistent with the holdings of other courts throughout the country.  See, e.g., Indemnity Ins. Co. of N. Am. v. Kellas, 173 F.2d 120 (1st Cir. 1949); Outboard Marine Corp. v. Liberty Mut. Ins. Co., 607 N.E.2d 1204, 1221 (Ill. 1992); National Union Fire Ins. Co. v. Thomas M. Madden & Co., 813 F.Supp.

---

[3]  In its response to this Motion, Plaintiff does not even attempt to address or distinguish these cases.

1349, 1353 (N.D. Ill. 1993); Hanover Ins. Co. v. Crocker, 688 A.2d 928, 929 n.1 (Me. 1997); Union Ins. Co. v. Land & Sky, 529 N.W.2d 773, 778 (Neb. 1995); Montrose Chemical Corp. v. Admiral Ins. Co., 913 P.2d 878, 884 n.9 (Cal. App. 1995); Home Exterminating Co. v Zurich Am. Ins. Group, 921 F.Supp. 318, 325 n.7 (D. Md. 1996).

The decisions of the courts of this Circuit are dispositive and should control. The only potential issue in this case is Plaintiff's duty to indemnify a possible future judgment - which does not exist and which may never exist - that remains unsatisfied. Further, the Turner Defendants and Laurinaitis have relinquished any claims to such indemnity with prejudice, so the only way a duty to indemnify would ever be litigated against Plaintiff would be in the uncertain, contingent event that Eudy obtains a judgment against Defendants, that judgment remains unsatisfied, and Eudy then files a lawsuit against Plaintiff. Any judgment this Court would give regarding such contingencies would amount to an improper advisory opinion. No actual controversy exists, and this action should be dismissed.

## II. Plaintiff's arguments in response to this Motion should be rejected.

### A. The reservation of rights letter sent by Plaintiff's counsel does not create jurisdiction.

Plaintiff's response to this Motion contains a number of specious, meritless counter-arguments. Plaintiff initially asserts that it somehow has a contractual right to proceed with this declaratory judgment action, by virtue of Plaintiff's offer to defend the Turner Defendants and Laurinaitis under a reservation of rights.

This argument is untenable.  This Court's jurisdiction over this matter is based solely on the United States Constitution and the enabling federal statutes, not on any "contract" which might exist between the parties.  See, e.g., Baker v. Riss & Co., 444 F.2d 257, 259 (8th Cir. 1971) (parties may not expand federal court jurisdiction through consent).  Thus, even assuming that Plaintiff's interpretation of its reservation of rights letter is correct (which it is not), that letter cannot provide the basis for this Court's jurisdiction. Plaintiff's "contract" argument completely misses the point - the true question is whether this action, which solely concerns whether Plaintiff has a duty to indemnify a potential, future judgment which does not exist and which may never exist, presents an "actual controversy."  As above, the courts of this Circuit and the courts of many other jurisdictions have answered that question "no."

Second, unlike the insured in the case cited by Plaintiff, Jacore Systems, Inc. v. Central Mutual Ins. Co., 194 Ga. App. 512 (1990), Defendants did not accept the defense offered by Plaintiff.  Rather, Defendants withdrew all requests for a defense and/or coverage with prejudice.  Defendants never forwarded the attorneys' fees and expenses incurred in the defense of Eudy's lawsuit to Plaintiff for payment, and Plaintiff has paid none of those fees and expenses itself.  Even if this Court were to accept Plaintiff's argument that its reservation of rights can somehow form the basis of a "contract" between Plaintiff and Defendants, no contract was formed:  There was no "acceptance" of the terms of that "contract" by Defendants.

- 7 -

Moreover, any suggestion that Defendants somehow entered into a "contract" that they would continue to pursue coverage and a defense from Plaintiff is ludicrous. The purpose of reservation of rights letters is not to create a "contract" between insurers and insureds. Rather, such letters are simply a means by which insurers can comply with their duty to defend when coverage is arguable, while at the same time avoiding any waiver or estoppel arguments such a defense might cause. <u>Richmond v. Georgia Farm Bureau Mut. Ins. Co.</u>, 140 Ga. App. 215, 231 S.E.2d 235 (1976). To interpret a reservation of rights letter as a "contract" goes far beyond that purpose, and even that purpose is no longer at issue when the insured itself no longer claims a right to a defense or coverage.

Indeed, Plaintiff's "contractual" argument ignores the fact that Plaintiff, in its own reservation of rights letter, expressly stated that while it was willing to provide a defense, it reserved its rights to deny coverage, "including a withdrawal of that defense at any time." (Plaintiff's Brief, Exh. A., at 1). Is Plaintiff contending that while it had the right to withdraw its defense and deny coverage from Defendants at any time, Defendants had no corresponding right to reject that defense and not to seek coverage? To interpret the reservation of rights letter in that manner would be patently unfair.

Plaintiff also mischaracterizes the effect of Defendants' actions in withdrawing their requests for coverage or a defense. Plaintiff asserts that those acts somehow amount to a retroactive cancellation of the insurance policy, in contravention of <u>Harleysville-Atlantic</u>

- 8 -

Ins. Co. v. Queen, 250 Ga. App. 382, 552 S.E.2d 436 (2002).  In that case, the court held that an injured claimant obtains a vested interest in a policy of liability insurance once the claimant is injured.  This vested interest is based on the claimant's possible future rights to seek recovery against the insurer directly, in the event that the claimant obtains a judgment against the insured tortfeasor and that such judgment is unsatisfied.  The court held that an agreement between an insurer and an insured to cancel a policy retroactively has no effect on such a vested interest.  Id. at 385.

Here, however, Defendants have never claimed that their actions would have any effect on such a vested interest or on the policy itself.  Rather, Defendants contend that such a vested interest relates solely to Plaintiff's duty to indemnify a judgment which has not yet been obtained and which may never be obtained.  As above, case law within this Circuit and elsewhere is clear that no actual controversy exists where the sole question is Plaintiff's duty to indemnify a presently non-existent judgment, especially when the only person who could conceivably claim a right to indemnification is Eudy, whose rights to actually pursue Plaintiff have not been realized.

Last, Plaintiff complains of Defendants' alleged "abject refusal" to agree to indemnify Plaintiff for any damages for which it could potentially be liable to Eudy.  Plaintiff stated that it would dismiss this action only if Defendants agree to such indemnification.  However, nothing in the law or under the subject insurance policy requires that Defendants agree to indemnify Plaintiff, their insurer,

for such liability.  Nor does such a request for indemnification change the conclusion that the instant action is improper in the absence of an "actual controversy," which does not exist.  Plaintiff's demand for indemnification as a condition precedent to dismissal was and remains entirely inappropriate.  Instead, through its insistence on an indemnification agreement before dismissal, Plaintiff shows that it is frivolously continuing this action despite a lack of jurisdiction simply as a means of pressure and harassment, seeking to achieve an agreement to which it has no right.

**B.   Plaintiff's arguments that an "actual controversy" exists should fail.**

Next, Plaintiff asserts that despite Defendants' arguments to the contrary, an "actual controversy" exists.  Defendants have already refuted this assertion in Section I of this Brief and in their initial Brief to this Court.  The courts of this Circuit and elsewhere have repeatedly affirmed that no actual controversy is presented by this action, where the sole issue is whether Plaintiff has a duty to indemnify a judgment which does not yet exist and may never exist.

However, certain specific statements made by Plaintiff with regard to whether an "actual controversy" exists deserve additional comment.  First, Plaintiff asserts that Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941), "clearly conveys jurisdiction in this case" because, according to Plaintiff, the case holds that where an injured party has a potential right to bring an action against the insurer, an actual controversy exists.

Plaintiff misinterprets <u>Maryland Casualty</u>, which addressed a claimant's request for a dismissal from an action between an insurer and its insured.   In that case, unlike here, <u>there was a present, actual controversy between the insurer and the insured</u>, who was seeking coverage and a defense from its insurer.   In coming to its conclusion that an actual controversy also existed between the insurer and the injured claimant, the Court was mainly concerned with the dangers of inconsistent judgments in different courts.   As the Court noted, if it found that no controversy existed between the insurer and the claimant and allowed the dismissal of the claimant from the declaratory judgment action, then "it [would be] possible that opposite interpretation of the policy might be announced by the federal and state courts.   For the federal court, in a judgment not binding on [the claimant], might determine that petitioner was not obligated under the policy, while the state court, in a supplemental proceeding by [the claimant] against petitioner, might conclude otherwise."   <u>Id.</u> at 274.   It is for this reason that the Supreme Court found that the claimant should be properly kept as a party to the lawsuit.   The actual controversy between the insurer and the claimant was predicated on the existence of an actual controversy between the insurer and the insured.

This reasoning does not apply here.   Here, <u>no</u> actual controversy exists between the insurer and the insureds.   Rather, the insureds (the Turner Defendants and Laurinaitis) are not seeking coverage or a defense from Plaintiff at all.   Thus, no danger of inconsistent

- 11 -

verdicts is posed by this action.  While <u>Maryland Casualty</u> stands for the proposition that a claimant is a proper party to a dispute between an insurer and its insured, it does not stand for the proposition that an actual controversy exists between an insurer and that claimant <u>independent of and in the absence of a dispute between the insurer and its insured</u>, based on the claimant's potential, future rights to seek recovery from the insurer for an unsatisfied judgment which has not been and may never be obtained.[4]  <u>See, e.g., Indemnity Ins. Co. of N. Am. v. Kellas</u>, 173 F.2d 120, 124-25 (1st Cir. 1949)

Further, as to the cases cited by Defendants involving declaratory judgment actions filed by claimants (as opposed to insurers), Plaintiff fails to articulate why the identity of the plaintiff somehow undermines the relevance of these cases to the present action.  As the Supreme Court has stated, "[i]t is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative."  <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 244 (1937).  Again, courts consistently bar declaratory judgment actions filed by claimants against insurers, because the questions of whether the claimant will ever obtain a judgment against the insured and whether that judgment

---

[4]   Indeed, in some portions of its response, Plaintiff appears to be confusing Defendants' argument that no present, actual controversy exists in this case with an argument that Eudy was improperly joined in this case.  Defendants do not dispute that Eudy was properly joined in this case, assuming than an actual controversy existed between Plaintiff and the Turner Defendants and Laurinaitis.  In the absence of any such present, actual controversy, however, the entire lawsuit should be dismissed.

will remain unsatisfied are contingencies which "are not in existence
[and] may never be in existence," and as such, no "actual controversy"
exists sufficient to support those actions under the Declaratory
Judgment Act.   Cross v. Occidental Fire and Cas. Co., 347 F.Supp. 342,
343 (W.D. Okl. 1972).   See also Hunt v. State Farm Mut. Auto. Ins.
Co., 655 F.Supp. 284 (D.Nev. 1987); MacMillan-Bloedel, Inc. v.
Fireman's Ins. Co. of Newark, 558 F.Supp. 96 (S.D. Ala. 1983); Maness
v. Alabama Farm Bureau Mut. Ins. Co., Inc., 416 So.2d 979 (Ala.
1982).[5]  The fact that an insurer brings the action, rather than the
injured claimant, does not affect the analysis.[6]

Last, Plaintiff cites to a few decisions from other jurisdictions
in which (1) an insurer filed a declaratory judgment action against

---

[5]  Instead, Plaintiff merely refers to language in the decisions
which note that injured claimants are proper parties to disputes
between an insurer and an insured, when an actual controversy exists
between the insurer and the insured.  Again, Defendants do not dispute
that principle (which is consistent with Maryland Casualty).

[6]  Plaintiff also misleadingly depicts Cincinnati Insurance
Company v. Franck, 621 N.W.2d 270 (Minn. App. 2001), as holding that
the subject action "did not present a justiciable controversy because
neither the insureds nor the primary insurer were parties to the
declaratory action[.]"  (punctuation as appearing on page 12 of
Plaintiff's response).   In quoting Franck, however, Plaintiff did not
quote the complete sentence – or include ellipses to apprise the court
of its omissions – which reads as follows:  "The umbrella insurer's
declaratory-judgment action against the injured party did not present
a justiciable controversy because neither the insureds nor the primary
insurer were parties to the declaratory action and the injured party
has not obtained a judgment against the insureds in excess of the
primary coverage."   Id. at 275 (language omitted by Plaintiff
underlined).   Plaintiff deliberately omitted this language, which
completely supports Defendants' position that no actual controversy
exists in the absence of Eudy obtaining an unsatisfied judgment
against Defendants.

both its insured and a claimant; (2) the insured defaulted; and (3) in light of the insured's default, the court also granted judgment against the claimant.  Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3rd Cir. 1986); Vermont Mut. Ins. Co. v. Everette, 875 F.Supp. 1181 (E.D. Va. 1995); Allstate Ins. Co. v. Morton, 657 N.W.2d 181 (Mich. App. 2002).  Those decisions vacated the default judgments entered against the claimants, finding that the claimants were not bound by the default judgments entered against the insureds and permitting the claimants to litigate the question of coverage.

Those decisions, however, are inapposite.  First, no party to this litigation claims that Eudy would be bound by some hypothetical default judgment entered against the Turner Defendants or Laurinaitis. Further, those decisions did not involve insureds who expressly withdrew their requests for coverage or a defense.  Rather, the insureds defaulted - and thus effectively admitted the insurer's allegations (which presumably included an allegation that an actual controversy existed between the insurer and the insured) and that there was no coverage.  Finally, the default judgments against the insureds came in the context of actual controversies between the insurers and the insureds (albeit ones on which the insureds defaulted) involving the duty to defend not just the duty to indemnify.[7]  These cases differ from the instant case, in which the

---

[7]  Except that in Morton, supra, the claimant may have already obtained a judgment against the insured before the declaratory judgment action was filed.  If so, Morton is plainly inapplicable.

Defendants are not claiming a right to coverage or a defense from Plaintiff, and no controversy exists between them.[8]  Again, the only possible dispute is between Plaintiff and Eudy, and that dispute will only arise if (1) Eudy obtains a judgment against the Turner Defendants and/or Laurinaitis; and (2) the Turner Defendants and/or Laurinaitis fail to satisfy that judgment.  No present, live "actual controversy" is presented, and this action should be dismissed.

### Conclusion

For the foregoing reasons, the Turner Defendants and Laurinaitis respectfully request that this Court grant the instant Motion to Dismiss and/or Motion for Judgment on the Pleadings and dismiss this case, with all costs cast against Plaintiff.

This _6th_ day of February, 2004.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Mark T. Dietrichs
Georgia Bar No.  221722
Brian M. Leepson
Georgia Bar No.  444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

---

[8]  Alternatively, to the extent that this Court reads these decisions as urged by Plaintiff, Defendants respectfully contend that those decisions do not reflect the law of this Circuit or of courts throughout the country, as demonstrated throughout Defendants' Briefs.

- 15 -

## CERTIFICATE OF FONT SELECTION

In accordance with Local Rule 7.1, the undersigned counsel certifies that the foregoing Brief in Support of Motion to Dismiss and/or for Judgment on the Pleadings has been prepared with one of the fonts approved by Local Rule 5.1, specifically Courier New, 12 point.

Mark T. Dietrichs
Georgia Bar No.  221722
Brian M. Leepson
Georgia Bar No.  444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Reply Brief in Support of Motion to Dismiss and/or for Judgment on the Pleadings** upon on all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Philip W. Savrin, Esq.
Suite 1600
100 Galleria Parkway
Atlanta, Georgia  30339-5948
*Attorney for TIG Insurance Company*

Stephen G. Weizenecker
Weizenecker, Rose, Mottern & Fisher, PC
Suite 620
1800 Peachtree Street, NW
Atlanta, Georgia  30309
*Attorney for Sidney R. Eudy*

This __6th__ day of February, 2003.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Brian M. Leepson
Georgia Bar No. 444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

1237898v1