ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 1 4 2004 D̶x̶x̶

LUTHER D. ........, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIG INSURANCE COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION FILE |
| | : NO. 1 03 CV 2096 (HTW) |
| UNIVERSAL WRESTLING CORP., | : |
| INC. f/k/a WORLD CHAMPIONSHIP | : |
| WRESTLING, INC., TURNER | : |
| SPORTS, INC., TURNER | : |
| ENTERTAINMENT GROUP, INC. | : |
| SIDNEY R. EUDY, and JOHNNY | : |
| LAURINAITIS, | : |
| | : |
| Defendants. | : |

### DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11

COME NOW UNIVERSAL WRESTLING CORPORATION f/k/a WORLD
CHAMPIONSHIP WRESTLING, INC. (erroneously named in this lawsuit
as Universal Wrestling Corp., Inc. and hereinafter "UWC"), TURNER
SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC., and JOHNNY
LAURINAITIS, and jointly move before this Honorable Court as
follows:

1.

Defendants UWC, Turner Sports, Inc., and Turner
Entertainment Group, Inc. (hereinafter "the Turner Defendants")
and Defendant Johnny Laurinaitis (hereinafter "Laurainaitis")
seek an award of sanctions pursuant to Federal Rule of Civil
Procedure 11(c) against Plaintiff for the continuation of
frivolous litigation against Defendants. By letters dated

October 31, 2003, November 14, 2003, and February 25, 2004, the
Turner Defendants and Laurinaitis provided notice to Plaintiff
that they intended to seek sanctions against Plaintiff in the
event that Plaintiff refused to voluntarily dismiss this
declaratory judgment action. True and correct copies of said
letters are attached hereto as Exhibits "1."

2.

Copies of the instant Motion and its supporting brief were
sent to Plaintiff's counsel with the Turner Defendants' and
Laurainaitis' letter of February 25, 2004, and more than twenty-
one (21) days have elapsed since that date. Despite the Turner
Defendants' and Laurinaitis' notices and requests, Plaintiff has
refused to discontinue this action against these Defendants.

3.

For the reasons expressed in the Brief accompanying this
Motion, as well as the pleadings filed in support of Defendants'
Motion to Dismiss and/or for Judgment on the Pleadings, the
continuation of this action by Plaintiff is frivolous and wholly
unwarranted under the law.

4.

Specifically, through the instant declaratory judgment
action, Plaintiff seeks a determination regarding whether it owes
insurance coverage to the Turner Defendants and Laurinaitis for

an underlying lawsuit filed against them by Defendant Sidney
Eudy, in which Eudy seeks to recover against the Turner
Defendants and Laurinaitis for alleged personal injuries.

5.

However, neither the Turner Defendants nor Laurinaitis are
actually seeking any such insurance coverage from Plaintiff for
the underlying lawsuit. These Defendants have permanently and
completely withdrawn all requests for coverage from Plaintiff for
the underlying lawsuit.[1]

6.

As shown by the letters attached as Exhibit "1," the Turner
Defendants and Laurinaitis repeatedly requested that Plaintiff
voluntarily dismiss this action. In the absence of any request
for coverage from the Turner Defendants or Laurinaitis, no
"actual controversy" exists to support subject matter

---

[1]    Concurrently with the filing of their Motion to Dismiss
and/or for Judgment on the Pleadings, the Turner Defendants and
Laurinaitis filed a Motion for Leave to File Amended Answers,
which seeks this Court's leave for the Turner Defendants and
Laurinaitis to file Amended Answers indicating that all requests
for coverage they made for the underlying lawsuit are withdrawn
with prejudice. The Turner Defendants and Laurinaitis had hoped
to be able to file such Amended Answers by agreement with
Plaintiff's counsel, as opposed to by an order of this Court.
However, Plaintiff's counsel never responded to the Turner
Defendants' and Laurinaitis' request for such consent.

jurisdiction in this case and the issues this case initially presented are now moot and/or not yet ripe for adjudication.

7.

Plaintiff has thus far refused to voluntarily dismiss this action. Plaintiff asserted that it would continue this action on the grounds that if Eudy were to obtain a judgment against the Turner Defendants or Laurinaitis, and if that judgment were to remain unsatisfied by Defendants, then Eudy allegedly might have a direct cause of action against Plaintiff.

8.

However, as expressed to Plaintiff in the letters attached as Exhibit "1" and in Defendants' Motion to Dismiss and/or for Judgment on the Pleadings, relevant law shows that such potential, future, and unrealized contingencies cannot provide the basis for this Court's jurisdiction. Plaintiff merely seeks an advisory opinion on an issue which is not yet ripe, and this action does not present an "actual controversy" as required under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or under Article III, Section 2, of the United States Constitution, which specifically allows federal courts to act only in "cases or controversies."

Due to Plaintiff's refusal to discontinue this action, the Turner Defendants and Laurinaitis were forced to file a Motion to Dismiss and/or for Judgment on the Pleadings, seeking the dismissal of this action. Said Motion was filed on December 30, 2003. Defendants have provided Plaintiff with clear authority that this action is improper, but Plaintiff nevertheless continues to prosecute this action. Defendants have incurred considerable attorneys' fees and other expenses to defend a meritless action. Indeed, even after the filing of Defendants' Motion to Dismiss and/or for Judgment on the Pleadings, Plaintiff served discovery on Defendants, further increasing the attorneys' fees, expenses and time and burden imposed on Defendants as a result of this lawsuit.

As shown by the attached letter dated February 25, 2004, even after filing their Motion to Dismiss and/or for Judgment on the Pleadings, the Turner Defendants and Laurinaitis again requested that Plaintiff dismiss this lawsuit. Plaintiff continues, without justification, to refuse such a dismissal and continues to insist on litigating hypothetical and nonexistent coverage questions against entities which are not even seeking coverage.

Further, Plaintiff has indicated that it would dismiss this action only if the Turner Defendants agree to indemnify Plaintiff for future liability which Plaintiff might incur to Defendant Eudy. However, as pointed out by the Turner Defendants and Laurinaitis in the attached letters, nothing in the law or under the subject insurance policy requires that the Turner Defendants agree to indemnify Plaintiff, their insurer, for such liability. Moreover, such a demand does nothing to change the conclusion that the instant action is not supportable in the absence of an "actual controversy," which does not exist. Plaintiff's demand for indemnification before dismissal was and remains entirely inappropriate.

12.

Plaintiff is frivolously continuing this unsupportable action as part of a thinly veiled attempt to obtain an indemnification agreement to which it is not entitled under the law. This action is being continued for an improper purpose and for harassment, and to cause an unnecessary and needless increase in the costs of litigation.

13.

The conduct of Plaintiff in continuing this action against Defendant violates the clear requirements of Rule 11(b) and

requires the imposition of sanctions against Plaintiff and its counsel.

WHEREFORE, the Turner Defendants and Laurinaitis pray that this Court hear this Motion, that they be awarded sanctions in the amount of their attorney's fees and costs for defending this spurious lawsuit (to be determined at a hearing on this Motion), that sanctions be imposed upon Plaintiff and its counsel, jointly and severally, and that they have such other and further relief as the Court deems appropriate under the circumstances.

This  14ᵗʰ  day of June, 2004.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Mark T. Dietrichs
Georgia Bar No.  221722

Brian M. Leepson
Georgia Bar No.  444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

- 7 -

JAMES T. McDONALD, JR
JOHN F. SACHA
MICHAEL H. SCHRODER
STEPHEN L. COTTER
ROBERT R. POTTER
DOUGLAS A. BENNETT
MARK T. DIETRICHS
LYNN M. ROBERSON
MARK J. GOODMAN
JOSEPH A. MUNGER
R. BRIGGS PEERY
M. DIANE OWENS
K. MARC BARRÉ, JR.
C. BRADFORD MARSH
THOMAS D. MARTIN
BRADLEY S. WOLFF
FREDERICK OWEN FERRAND
JOHN W. CAMPBELL
STEPHEN W. SCHATZ
RICHARD H. SAPP, III
MICHAEL RYDER
DEBRA D. CHAMBERS
RICHARD A. WATTS
LISA A. WADE
DOUGLAS W. BROWN, JR.
CHRISTOPHER D. BALCH
ANANDHI S. RAJAN
KENNETH A. DAVID
TIMOTHY C. LEMKE
H. LEE PRUETT
MATTHEW M. LISS
JAMES F. TAYLOR, III
DAVID CHARLES KING
JAMES D. JOHNSON
CABELL D. TOWNSEND

MELISSA K. KAHREN
JENNIFER A. RIDDICK
TERRY O. BRANTLEY
ROBERT S. HUESTIS
BRIAN M. LEEPSON
J. STEPHEN BERRY
MAREN R. FROST
CRISTINE K. HUFFINE
MICHAEL T. BENNETT, JR.
KELLEY C. HERRIN
MORGAN M. CRESSMAN
MICHAEL ROSETTI
MICHAEL P. CARESTIA
CATHERINE MAZANOVA
SARA J. SAVAGE
BENJAMIN A. LEONARD
MICHAEL R. MARTIN
C. W. TAB BILLINGSLEY, JR.
STEVEN J. DEFRANK
LAURA A. DENNARD
MELODY A. GLOUTON
STERLING A. HAWKINS
CHRISTINA J. BEVILL
S. DEANN BOMAR
JAMES S. WIDENER
GINO L. MONTOYA
BRYAN C. MAHAFFEY
NATHANIEL F. HANSFORD
M. BOYD JONES
W. DALE ELLIS, JR.
KINDU A. WALKER
DAVID W. WILLIS
HUMBERTO IZQUIERDO, JR
TODD A. BROOKS
CAROLYN CAIN BURCH
KNICOLE C. McCARTER

ATTORNEYS AT LAW
THE PEACHTREE
SUITE 300
1355 PEACHTREE STREET, N.E.
ATLANTA, GEORGIA 30309-3238
WWW.SWIFTCURRIE.COM

MAIN PHONE (404) 874-8800
FAX (404) 888-6199

DIRECT DIAL (404) 888-6127
e-mail: mark.dietrichs@swiftcurrie.com

FRANK M. SWIFT
WARNER S. CURRIE
GLOVER McGHEE
JAMES B. HIERS, JR.
    OF COUNSEL

October 31, 2003

Philip W. Savrin, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia   30339-5948

Re:     *TIG Insurance Company v. Universal Wrestling Corp., Inc. f/k/a*
        *World Championship Wrestling, Inc., Turner Sports, Inc., Turner*
        *Entertainment Group, Inc., Sidney R. Eudy, and Johnny*
        *Laurinaitis*
        U.S. District Court for the Northern District of Georgia
        Civil Action File No. 1:03-CV-2096-HTW

Dear Philip:

This letter will confirm our discussion on October 29. Previously, we had discussed resolution of the Complaint for Declaratory Judgment which TIG Insurance Company has filed against Universal Wrestling Corp., Inc. f/k/a World Championship Wrestling, Inc., Turner Sports, Inc., Turner Entertainment Group, Inc., Johnny Laurinaitis (hereinafter collectively referred to as the "Turner Defendants"), and Sidney Eudy. On behalf of the Turner Defendants, we have withdrawn their request to TIG for a defense and indemnification in conjunction with the underlying *Eudy* lawsuit pending in the State Court of Fulton County. We also offered to withdraw the language indicating that the withdrawal was "without prejudice." Based upon this withdrawal of the request



Philip W. Savrin, Esq.
October 31, 2003
Page 2

for a defense and indemnification by the Turner Defendants, it is the Turner Defendants' position that there is no issue in controversy upon which the declaratory judgment action can proceed.

In response to our request that you dismiss the Complaint for Declaratory Judgment without prejudice, you countered with a demand by TIG that the Turner Defendants indemnify TIG in the event that Eudy obtains a judgment against the Turner Defendants, the Turner Defendants fail to satisfy that judgment against them, and Eudy then seeks recovery of the judgment through a direct action against TIG. The Turner Defendants are not prepared to provide this indemnification to TIG.

Moreover, it is the Turner Defendants' position that TIG's demand for indemnification is inappropriate. We are unaware of any principle that would allow TIG to maintain a declaratory judgment action that is wholly improper through a demand for indemnification which is completely unsupported either by case law or the subject policy. Several courts throughout the country have addressed similar issues and concluded that the mere contingent possibility that Eudy could obtain a judgment against the Turner Defendants which the Turner Defendants would fail to pay does not provide an issue which is ripe for declaratory judgment. The Turner Defendants' withdrawal of their request for a defense and indemnification means that there is no actual, justiciable controversy pending. In effect, what TIG is now requesting is an advisory opinion from the Court based upon a speculative contention that Eudy might obtain a judgment against the Turner Defendants and the Turner Defendants might not satisfy that judgment. In light of the Turner Defendants' withdrawal of their requests for coverage or a defense, TIG's declaratory judgment action has no legitimate basis, regardless of whether or not the Turner Defendants agree to indemnify TIG or not. Respectfully, we would suggest allocating your client's resources towards the litigation of an improper declaratory judgment action against entities which are not even seeking coverage or a defense does not make a great deal of sense.

As I stated to you, I believe that TIG is preserving all of its rights since it is being asked only to dismiss the declaratory judgment action without prejudice. However, TIG's refusal to accept this request leaves the Turner Defendants no alternative but to pursue a motion to dismiss based upon the current status of the declaratory judgment action. As previously stated, the Turner Defendants will seek sanctions and the expenses of litigation in conjunction with TIG's continued prosecution of this invalid action.

With the foregoing in mind, pursuant to Rule 11 of the Federal Rules of Civil Procedure, we request that you dismiss the instant declaratory judgment action without prejudice. More particularly, the continuation of this declaratory judgment action in its present posture is violative of Fed.R.Civ.P. 11(b), as such a continuation would only be for the purpose of harassment or to cause unnecessary delay or a needless increase in the costs of litigation and such a continuation is completely unwarranted under the law. In the event that you do not dismiss this action, we will seek

Philip W. Savrin, Esq.
October 31, 2003
Page 3

all sanctions available under Rule 11. We will be preparing an appropriate Rule 11 Motion in the near future, should this lawsuit not be dismissed. Please note that in conjunction with this request for the dismissal of this lawsuit, we will shortly be amending our Answers to withdraw with prejudice any requests for coverage.

Due to TIG's refusal to voluntarily dismiss without prejudice the declaratory judgment action, we will revise the Turner Defendants' portion of the Preliminary Report and Discovery Schedule. I will forward it to you with our revisions. If you have received any feedback from Mr. Eudy's counsel regarding his portion of the Preliminary Report and Discovery Schedule, please provide it to me, along with a copy of the Answer filed on behalf of Sidney Eudy.

Sincerely yours,

SWIFT, CURRIE, McGHEE & HIERS, LLP


Mark T. Dietrichs

MTD:lap

JAMES T. McDONALD, JR.
JOHN F. SACHA
MICHAEL H. SCHRODER
STEPHEN L. COTTER
ROBERT R. POTTER
DOUGLAS A. BENNETT
MARK T. DIETRICHS
LYNN M. ROBERSON
MARK J. GOODMAN
JOSEPH A. MUNGER
R. BRIGGS PEERY
M. DIANE OWENS
R. MARC BARRÉ, JR.
C. BRADFORD MARSH
THOMAS D. MARTIN
BRADLEY S. WOLFF
FREDERICK OWEN FERRAND
JOHN W. CAMPBELL
STEPHEN M. SCHATZ
RICHARD H. SAPP, III
MICHAEL RYDER
DEBRA D. CHAMBERS
RICHARD A. WATTS
LISA A. WADE
DOUGLAS W. BROWN, JR.
CHRISTOPHER D. BALCH
ANANDHI S. RAJAN
KENNETH A. DAVID
TIMOTHY C. LEMKE
H. LEE PRUETT
MATTHEW M. LISS
JAMES F. TAYLOR, III
DAVID CHARLES KING
JAMES D. JOHNSON
CABELL D. TOWNSEND

MELISSA K. KAHREN
JENNIFER A. RIDDICK
TERRY O. BRANFLEY
ROBERT S. HUESTIS
BRIAN M. LEEPSON
J. STEPHEN BERRY
MAREN R. FROST
CRISTINE K. HUFFINE
MICHAEL T. BENNETT, JR.
KELLEY C. HERRIN
MORGAN M. CRESSMAN
MICHAEL ROSETTI
MICHAEL P. CARESTIA
CATHERINE MAZANOVA
SARA J. SAVAGE
BENJAMIN A. LEONARD
MICHAEL R. MARTIN
C. W. TAB BILLINGSLEY, JR.
STEVEN J. DEFRANK
LAURA A. DENNARD
MELODY A. GLOUTON
STERLING A. HAWKINS
CHRISTINA J. BEVILL
S. DEANN BOMAR
JAMES S. WIDENER
GINO L. MONTOYA
BRYAN C. MAHAFFEY
NATHANIEL F. HANSFORD
M. BOYD JONES
W. DALE ELLIS, JR.
KINDU A. WALKER
DAVID W. WILLIS
HUMBERTO IZQUIERDO, JR
TODD A. BROOKS
CAROLYN CAIN BURCH
KNICOLE C. McCARTER

FRANK M. SWIFT
WARNER S. CURRIE
GLOVER McGHEE
JAMES B. HIERS, JR.
OF COUNSEL

ATTORNEYS AT LAW
THE PEACHTREE
SUITE 300
1355 PEACHTREE STREET, N.E.
ATLANTA, GEORGIA 30309-3238
WWW.SWIFTCURRIE.COM

MAIN PHONE (404) 874-8800
FAX (404) 888-6199

DIRECT DIAL (404) 888-6127
e-mail: mark.dietrichs@swiftcurrie.com

November 14, 2003

*via FACSIMILE (770) 937-9960*
*and FIRST CLASS MAIL*
Philip W. Savrin, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948

Re:  *TIG Insurance Company v. Universal Wrestling Corp., Inc. f/k/a
     World Championship Wrestling, Inc., Turner Sports, Inc., Turner
     Entertainment Group, Inc., Sidney R. Eudy, and Johnny
     Laurinaitis*
     U.S. District Court for the Northern District of Georgia
     Civil Action File No. 1:03-CV-2096-HTW

Dear Philip:

    As mentioned in our last letter to you, this letter will address our suggestions for changes to
the Joint Preliminary Planning Report and Scheduling Order. Also, please find enclosed our
Amended Answers that we wish to file on behalf of the Turner Defendants and on behalf of
Mr. Laurinaitis, as well as a proposed Stipulation consenting to the filing of such Amended Answers.
These answers withdraw any requests for coverage on behalf of the Turner Defendants and
Laurinaitis with prejudice. The rules require either that the parties consent to the filing of such
amended pleadings or that we obtain a court order from the judge permitting such amendments.

While the substance of the amendments will obviously inure to the benefit of your client and while we expect that you would have no problem consenting to same, we do need your express authorization to sign the Stipulation on your behalf, so that we may avoid having to request a court order. Please let us know whether we are authorized to do so on or before Wednesday, November 19, 2003. By copy of this letter, we are also requesting that Mr. Weizenecker, counsel for Mr. Eudy, provide his express consent as well. Additionally, to the extent that any pleadings have been filed on behalf of Mr. Eudy, we would request that Mr. Weizenecker provide them to us.

Regarding our suggestions for changes to the Joint Preliminary Planning Report or Scheduling Order, please see the enclosed pleading, which contains selected paragraphs from that Report and our suggested insertions as to each. Where we have no suggestions, we have indicated as such. We have a few comments regarding our proposed additions and amendments, as follows.

Regarding paragraph 1(a), we believe that it is now inappropriate to indicate that this declaratory judgment action seeks to determine "what, if any defense and indemnity obligations . . . ." (emphasis added). As you know, the Turner Defendants and Laurinaitis have withdrawn any requests for coverage or a defense. You have responded that you are now maintaining this action on account of Mr. Eudy's potential, contingent, and unrealized rights against TIG, in the event that he obtains a judgment against the Turner Defendants or Laurinaitis which remains unsatisfied. Again, we reiterate that this is a wholly improper and meritless basis on which to maintain the instant action, and we urge you to dismiss same. Regardless, though, there can never be "defense" obligations owed to Mr. Eudy. As you will see, we have removed the word "defense" from our version of the response to paragraph 1(a), and it would be our suggestion that the parties use our version of that response instead of yours.

Regarding our proposed response to paragraph 1(b), you will see that while we included much of the same information you did in your response, there are important and substantive differences. If you are unwilling to adopt our version, then we suggest that you include both versions and indicate which party states which version.

Regarding our proposed response to paragraph 1(c), if you cannot agree to our version of the response to this subparagraph, then please just include both versions.

Regarding our response to paragraph 4, you will find our proposed objections contained at the end of our version of the Planning Report. You will also see that under paragraph 5(b), we have added an objection for improper joinder, based largely on the same grounds we have discussed with you repeatedly with regard to the improper nature of this action.

Philip W. Savrin, Esq.
November 14, 2003
Page 3

Regarding our response to paragraph 6, we have added a sentence pertaining to the amended answers which we intend to file, upon your agreement to the enclosed Stipulation. We also added a sentence under paragraphs 7 and 12 with regard to our intended Motion to Dismiss and/or for Judgment on the Pleadings, discussed in our October 31, 2003 letter to you. Last, we need to fill in the blanks as to paragraph 13, which requires an in-person settlement conference between counsel for all parties.

Please incorporate our changes into the Planning Report. Before submitting same to the Court, please forward us a final draft, with the changes of all the parties, so that we may review that final version before it is filed.

Sincerely yours,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Mark T. Dietrichs

Brian M. Leepson

MTD/BML:lap

cc:     Stephen G. Weizenecker, Esq. (*via FACSIMILE – (404) 917-0979* w/encls.)

JAMES F. McGHEE, ...
JOHN F. SACHA
MICHAEL H. SCHRODER
STEPHEN L. COTTER
ROBERT R. POTTER
DOUGLAS A. BENNETT
MARK T. DIETRICHS
LYNN M. ROBERSON
MARK J. GOODMAN
JOSEPH A. MUNGER
R. BRIGGS PEERY
M. DIANE OWENS
K. MARC BARRÉ, JR.
C. BRADFORD MARSH
THOMAS D. MARTIN
BRADLEY S. WOLFF
FREDERICK OWEN FERRAND
JOHN W. CAMPBELL
STEPHEN M. SCHATZ
RICHARD H. SAPP, III
MICHAEL RYDER
DEBRA D. CHAMBERS
RICHARD A. WATTS
LISA A. WADE
DOUGLAS W. BROWN, JR.
CHRISTOPHER D. BALCH
ANANDHI S. RAJAN
KENNETH A. DAVID
TIMOTHY C. LEMKE
H. LEE PRUETT
MATTHEW M. LISS
JAMES F. TAYLOR, III
DAVID CHARLES KING
JAMES D. JOHNSON
CABELL D. TOWNSEND
MELISSA K. KAHREN
JENNIFER A. RIDDICK
TERRY O. BRANTLEY
ROBERT S. HUESTIS
BRIAN M. LEEPSON
J. STEPHEN BERRY

MAREN R. FROST
CHRISTINE R. HUFFINE
MICHAEL T. BENNETT, JR.
KELLEY C. HERRIN
MORGAN M. CRESSMAN
MICHAEL ROSETTI
MICHAEL P. CARESTIA
CATHERINE MAZANOVA
SARA J. SAVAGE
BENJAMIN A. LEONARD
MICHAEL R. MARTIN
C. W. TAB BILLINGSLEY, JR.
STEVEN J. DEFRANK
LAURA A. DENNARD
MELODY A. GLOUTON
STERLING A. HAWKINS
CHRISTINA J. BEVILL
S. DEANN BOMAR
JAMES S. WIDENER
GINO L. MONTOYA
BRYAN C. MAHAFFEY
NATHANIEL F. HANSFORD
M. BOYD JONES
W. DALE ELLIS, JR.
KINOU A. WALKER
DAVID W. WILLIS
HUMBERTO IZQUIERDO, JR.
TODD A. BROOKS
CAROLYN CAIN BURCH
KNICOLE C. McCARTER
JOHN M. HAMRICK
JAMIE P. WOODARD
G. GRANT GREENWOOD
MELANIE SIMONE SHIRLEY
VALERIE E. PINKETT

FRANK M. SWIFT
WARNER S. CURRIE
GLOVER McGHEE
JAMES B. HIERS, JR.
OF COUNSEL

THE PEACHTREE

SUITE 300

1355 PEACHTREE STREET, N.E.

ATLANTA, GEORGIA 30309-3238

WWW.SWIFTCURRIE.COM

MAIN PHONE (404) 874-8800
FAX (404) 888-6199

DIRECT DIAL (404) 888-6135
e-mail: brian.leepson@swiftcurrie.com

February 25, 2004

Philip W. Savrin, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948

Re:   *TIG Insurance Company v. Universal Wrestling Corp., Inc. f/k/a World
      Championship Wrestling, Inc., Turner Sports, Inc., Turner Entertainment Group,
      Inc., Sidney R. Eudy, and Johnny Laurinaitis*
      U.S. District Court for the Northern District of Georgia
      Civil Action File No. 1:03-CV-2096-HTW

Dear Mr. Savrin:

    We are sending this letter to you in accordance with the requirements of Rule 11 of the
Federal Rules of Civil Procedure. We intend to seek sanctions against you and your client if the
Complaint in the above-styled action is not withdrawn and dismissed without prejudice within
twenty-one (21) days of this letter. Accompanying this correspondence is your service copy of
our Motion for Sanctions and its supporting Brief. In accordance with Rule 11(d)(1), these
pleadings will not be filed with the Court until the expiration of the time for you and your client
to withdraw and dismiss the Complaint. As we have repeatedly emphasized, the absence of any
request for coverage or a defense by the Turner Defendants and Laurinaitis means that no actual
controversy exists sufficient to support subject matter jurisdiction in this case and that the issues
which this declaratory judgment action seeks to raise are not yet ripe and/or are moot.

Philip W. Savrin, Esq.
February 25, 2004
Page 2

In response to our prior request that you dismiss the Complaint for Declaratory Judgment without prejudice, you countered by stating that TIG would dismiss this action only if the Turner Defendants agree to indemnify TIG in the event that Eudy obtains an unsatisfied judgment and pursues a direct action against TIG. As indicated to you in our prior letters, that demand is inappropriate. We are unaware of any authority that supports TIG's effort to maintain a declaratory judgment action based on a demand for indemnification which is unsupported by case law or by the subject policy. In light of the Turner Defendants withdrawal with prejudice of their request for coverage or defense, TIG's declaratory judgment action has no legitimate basis, regardless of whether or not the Turner Defendants and/or Laurinaitis agree to indemnify TIG or not.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, we again request that you dismiss the instant declaratory judgment action without prejudice. The continuation of this declaratory judgment action violates Fed.R.Civ.P. 11(b), as it is unwarranted and unsupported under the law and such a continuation would only be for improper purposes, such as harassment and to cause an increase in the costs of litigation. If you do not dismiss the action without prejudice within the next 21 days, we will seek all sanctions available under Rule 11, as shown in the enclosed Motion and Brief.

Please do not hesitate to call if you have comments or questions.

Very truly yours,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Mark T. Dietrichs

Brian M. Leepson

BML:mla
Enclosures
cc:     Stephen G. Weizenecker, Esq.
bcc:    David Vigilante, Esq.
        Ms. Andrea Townsend

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **MOTIONS FOR SANCTIONS PURSUANT TO RULE 11** upon on all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

>Philip W. Savrin, Esq.
>Suite 1600
>100 Galleria Parkway
>Atlanta, Georgia  30339-5948
>*Attorney for TIG Insurance Company*
>
>Stephen G. Weizenecker
>Weizenecker, Rose, Mottern & Fisher, PC
>Suite 620
>1800 Peachtree Street, NW
>Atlanta, Georgia  30309
>*Attorney for Sidney R. Eudy*

This ____ day of June, 2004.

>Respectfully submitted,
>
>SWIFT, CURRIE, McGHEE & HIERS, LLP
>
>_____
>Brian M. Leepson
>Georgia Bar No. 444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

- 8 -

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,     :
                         :
    Plaintiff,         :
                         :
v.                        :  CIVIL ACTION FILE
                         :  NO.  1 03 CV 2096 (HTW)
UNIVERSAL WRESTLING CORP.,  :
INC. f/k/a WORLD CHAMPIONSHIP :
WRESTLING, INC., TURNER    :
SPORTS, INC., TURNER       :
ENTERTAINMENT GROUP, INC.   :
SIDNEY R. EUDY, and JOHNNY  :
LAURINAITIS,          :
                         :
    Defendants.        :

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11

COME NOW DEFENDANTS UNIVERSAL WRESTLING CORPORATION f/k/a/ WORLD CHAMPIONSHIP WRESTLING, INC. (erroneously named in this lawsuit as Universal Wrestling Corp., Inc.), TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC., and JOHNNY LAURINAITIS, and respectfully submit this Brief in Support of Motion for Sanctions Pursuant to Rule 11, showing this Honorable Court as follows:

### Background

The relevant facts and the legal positions of Defendants UWC, Turner Sports, Inc., and Turner Entertainment Group, Inc. (collectively "the Turner Defendants"), as well Johnny Laurinaitis ("Laurinaitis"), have been fully set forth before this Court in the Turner Defendants' and Laurinaitis' Motion for

Sanctions and in the pleadings filed in support of their Motion to Dismiss and/or for Judgment on the Pleadings.

## Argument and Citation of Legal Authority

Plaintiff's insistence on continuing to litigate this action while lacking any legal right to do so epitomizes the abuses of the legal system against which Rule 11 of the Federal Rules of Civil Procedure is aimed. Rule 11 provides, in part, for the imposition of sanctions against any party (and their counsel) who presents a claim "for any improper purpose, such as to harass or to cause unnecessary or needless increase in the costs of litigation," or who pursues a frivolous claim unwarranted under the law. FED.R.CIV.P. 11(B). Plaintiff's continued refusal to dismiss this action violates Rule 11 and warrants the imposition of appropriate sanctions, including attorneys' fees and costs of litigation.

The Motion to Dismiss and/or for Judgment on the Pleadings previously filed by the Turner Defendants and Laurinaitis provided this Court with the ample, definitive authority within this Circuit which shows that the instant lawsuit should be dismissed. As noted in that Motion, Plaintiff seeks a judicial declaration as to whether it owes the Turner Defendants and Laurinaitis insurance coverage for liability asserted against them in a separate lawsuit filed by Defendant Sidney Eudy.

- 2 -

However, the Turner Defendants and Laurinaitis are <u>no longer</u>
seeking <u>any</u> insurance coverage or defense from Plaintiff for the
liability alleged by Eudy. <u>All requests for coverage</u> these
Defendants made in the past for that liability <u>have been</u>
<u>withdrawn</u>. Moreover, the Turner Defendants and Laurinaitis have
made clear that their withdrawals of their requests for coverage
for that liability were "<u>with prejudice</u>," i.e., that the
withdrawals were permanent and that no further requests would or
could be made in the future. As Defendants' Motion to Dismiss
and/or for Judgment on the Pleadings demonstrates, in the absence
of any requests for coverage or a defense by the Turner
Defendants and/or Laurinaitis, no "actual controversy" exists,
and the issues this case presents are moot and/or are not yet
ripe for adjudication, depriving this court of subject matter
jurisdiction.

Further, as detailed in the accompanying Motion for
Sanctions, the Turner Defendants and Laurinaitis have repeatedly
requested that Plaintiff dismiss this action without prejudice
voluntarily. Time and time again, Plaintiff has refused. Even
after the Turner Defendants and Laurinaitis filed their Motion to
Dismiss and/or for Judgment on the Pleadings, which outlined the
persuasive authority showing the improper nature of this action
Plaintiff <u>still</u> refused to dismiss this action, and served

written discovery on Defendants, thereby further increasing the costs Defendants are incurring in defending this improper action. Courts have repeatedly held that improper, unsupportable, and unjustifiable assertions of federal subject matter jurisdiction in a case warrant the imposition of Rule 11 sanctions. See, e.g., Bradgate Assoc. v. Fellows, Read, & Assoc., 999 F.2d 745 (3rd Cir. 1993)(finding that sanctions could be properly imposed on plaintiff and attorneys who improperly and without proper basis asserted diversity jurisdiction in case); Neustein v. Orbach, 130 F.R.D. 12 (E.D.N.Y. 1990)(finding that sanctions should be levied against plaintiff and counsel whose invocation of federal question jurisdiction was baseless). Such sanctions should accordingly be imposed against Plaintiff.

Plaintiff has indicated that it will dismiss this action only if the Turner Defendants agreed to indemnify Plaintiff for future liability which Plaintiff might incur to Defendant Eudy if Eudy were to obtain a judgment against the Defendants which remained unsatisfied. However, nothing in the law or under the subject insurance policy requires that the Turner Defendants agree to indemnify Plaintiff, their insurer, for such liability. Nor does such a request for indemnification change the conclusion that the instant action is not supportable in the absence of an "actual controversy," which does not exist. Plaintiff's demand

for indemnification before dismissal was and remains entirely
inappropriate.

Plaintiff's refusal to dismiss this case absent an
indemnification agreement evidences that it is frivolously
continuing this action - despite a lack of subject matter
jurisdiction - simply as a means of pressure to obtain an
agreement to which it has no right. This is exactly the type of
harassment and improper purpose which Rule 11 is designed to
preclude. See, e.g. Kunimoto v. Fidell, 26 Fed. Appx. 630 (9th
Cir. 2001) (assertion of frivolous litigation solely for purpose
of obtaining agreement justified award of Rule 11 sanctions).
Plaintiff and its attorneys should be sanctioned for such
conduct.

## Conclusion

For the foregoing reasons, the Turner Defendants and
Laurinaitis respectfully submit that the instant Motion should be
granted, that they be awarded sanctions in the amount of their
attorney's fees and costs for defending this spurious lawsuit (to
be determined at a hearing on this Motion), that sanctions be
imposed upon Plaintiff and its counsel, jointly and severally,
and that they have such other and further relief as the Court
deems appropriate under the circumstances.

This __14__ day of June, 2004.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Mark T. Dietrichs
Georgia Bar No.  221722

Brian M. Leepson
Georgia Bar No.  444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANTS' BRIEF IN SUPPORT OF MOTIONS FOR SANCTIONS PURSUANT TO RULE 11** upon on all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Philip W. Savrin, Esq.
Suite 1600
100 Galleria Parkway
Atlanta, Georgia  30339-5948
*Attorney for TIG Insurance Company*

Stephen G. Weizenecker
Weizenecker, Rose, Mottern & Fisher, PC
Suite 620
1800 Peachtree Street, NW
Atlanta, Georgia  30309
*Attorney for Sidney R. Eudy*

This __14th__ day of June, 2004.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Brian M. Leepson
Georgia Bar No. 444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile