ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 2 2 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIG INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO. 1:03-CV-2096-~~HTW~~ WBH |
| UNIVERSAL WRESTLING CORP., INC. f/k/a WORLD CHAMPIONSHIP WRESTLING, INC., TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC, SIDNEY R. EUDY, and JOHNNY LAURINAITIS, | : | |
| Defendants. | : | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

COMES NOW TIG Insurance Company ("TIG"), plaintiff in the above-captioned civil action, and files this brief in opposition to defendants' motion for sanctions.

## FACTS AND PROCEDURAL HISTORY

TIG filed this declaratory judgment action based on its contention that an insurance policy does not cover the claims asserted in the underlying liability litigation brought by defendant Sidney R. Eudy. In response, TIG's insureds (hereinafter referred to as "Turner entities") moved to dismiss, contending this

Court lacks "case or controversy" jurisdiction because they offered to withdraw their claims for coverage in the underlying case.

In opposing the Turner entities' motion to dismiss, TIG pointed out several reasons why case or controversy jurisdiction does exist. Essentially, even if an insured can unilaterally withdraw a claim for coverage, the insurance company remains exposed to a third-party claim by the injured party, i.e., Mr. Eudy. Because that claim is not extinguished through the withdrawal of a request for coverage by the insured, the insurer remains exposed to liability for the underlying claim.

In light of this exposure – which the Turner entities do not contest – TIG solicited agreements from both the Turner entities and Eudy to extinguish the remaining exposure. <u>None</u> of the defendants stepped forward to accept the proposal made by TIG to avoid litigation of this case. Hence, "case or controversy" jurisdiction exists.

Indeed, though the motion to dismiss remains pending at this time, and even though no case law precludes TIG from seeking a declaratory judgment on the unique facts presented, the Turner entities aggressively moved forward with their request for sanctions. In a voicemail message from defendants' counsel, he even acknowledged that he was filing the motion simply because his client "required"

him to do so. (Exhibit A). In fact, the motion is improper, and itself sanctionable, for the reasons provided below.

## ARGUMENT AND CITATIONS TO AUTHORITY

The Eleventh Circuit recently articulated the Rule 11 standard as follows:

> The standard for testing conduct under amended Rule 11 is "reasonableness under the circumstances." United States v. Milam, 855 F.2d 739, 743 (11th Cir. 1988) (quoting Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987)(en banc)).
>
> A district court has the discretion to award Rule 11 sanctions: (1) When a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory but has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003)(quoting Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001)).

Significantly, Rule 11 is not "intended to chill innovative theories and vigorous advocacy that bring about vital and positive changes in the law." Donaldson v. Clark, 819 F.2d at 1561. Further, Rule 11 "does not mean the end of doctrinal development, novel legal arguments, or cases of first impression. The Advisory Committee Note specifies that the Rule "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" Id.

3

Adjudged on this standard, the Turner entities' Rule 11 motion is itself frivolous. There are <u>no</u> cases on point involving the unusual factual scenario presented in the instant case, let alone a case defeating TIG's ability to litigate coverage. Therefore, TIG's position that jurisdiction exists is "reasonable."

The <u>Anderson</u> decision perfectly illustrates this conclusion. In <u>Anderson</u>, the district court had dismissed a RICO complaint for failure to state a claim. The plaintiff then recast his RICO allegations in slightly different terms. In ***reversing*** the district court's award of Rule 11 sanctions for re-filing the RICO claim, the Eleventh Circuit noted that the allegations differed slightly in the amended complaint. As the Eleventh Circuit explained:

> There is scant on-point authority to guide the reasonable lawyer to the conclusion that, with the RICO claims in the Second Amended Complaint, he either had no reasonable chance of success or was advancing an unreasonable argument to change existing law. Though we have concluded that the Second Amended Complaint does not state viable RICO claims, we are unable to conclude that only an unreasonable lawyer would have made these claims.

<u>Anderson</u>, 353 F.3d at 915-16.

If an award of sanctions was beyond the district court's discretion in <u>Anderson</u>, where the court had previously dismissed a similar claim, then an award of sanctions in the instant case, where there is no on-point authority defeating

4

TIG's right to litigate its coverage obligations, would be absurd and a tortured application of Rule 11.

Indeed, as the Eleventh Circuit stated in Riccard v. Prudential Insurance Company, 307 F.3d 1277 (11th Cir. 2002), a Rule 11 motion is itself sanctionable where it was prepared simply to emphasize a party's position. As the Eleventh Circuit noted, the sanctions motion in that case "was part of a pattern of re-argument and re-litigation. . . . That is not a proper use of Rule 11." 307 F.3d at 1294.

The Turner entities are evidently frustrated at TIG's refusal to accede to their demand that TIG not litigate coverage, and perhaps at the lack of a ruling on their dismissal motion thus far. No explanation exists for the timing of their Rule 11 motion, as it was not filed concomitantly with the dismissal motion nor following a favorable ruling that they would like.

Viewed in this light, the motion is nothing less than an attempt by the Turner entities to emphasize their substantive position, which is an abuse of the Rule 11 procedure, as explained by the Eleventh Circuit in Riccard. This Court has the inherent power, if it sees fit, to sanction defendants for this abuse. Fed. R. Civ. P. 11(c)(1)(B). Indeed, counsel's indication that he was "required" to seek sanctions simply because his clients "instructed" him to do so, (see Exhibits A) is itself a breach of ethical canons. See Georgia Rules of Professional Conduct, Rule 3.1,

5

Comment [2] (a lawyer's position is unethical if the client desires to have the action taken primarily for the purpose of harassing another party).

For all the foregoing reasons, TIG opposes the Turner entities' frivolous request for sanctions.

                              Respectfully submitted,

                              FREEMAN MATHIS & GARY, LLP

                              _/s/ Philip W. Savrin_
                              Philip W. Savrin
                              Georgia Bar No. 627836
                              Kelley R. Purdie
                              Georgia Bar No. 589984

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
770/818-0000 (telephone)
770/937-9960 (facsimile)

## **RULE 7.1 CERTIFICATION**

Counsel for defendant hereby certifies the preceding document was prepared with Times New Roman, 14 point pursuant to Northern District Local Rule 5.1.

L:\DOCS\3999\39763\KJG2923.DOC

6

# MEMORANDUM

**TO:**    File

**FROM:**  Philip W. Savrin

**RE:**    TIG Insurance Company v. Universal Wrestling Corp., Inc., et al.
United States District Court, Northern District, Atlanta Division
Civil Action File No.: 1:03-CV-2096-HTW
Voicemail from Mark Dietrichs on Monday, March 1, 2004, 5:16 pm

**DATE:**  June 17, 2004

---

    Hello Phil this is Mark Dietrichs calling you regarding the TIG matter. My number is 404-888-6127. I got your e-mail about the Rule 11 motion. You are in fact correct in that I am following my client's instructions. I will be happy to discuss it with you but again I am following their instructions and that's what I am required to do. Give me a call if you would like to talk about it further. 404-888-6127. Bye, Bye.

DS2622/3999.39763


EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS by depositing same in the United States mail, with sufficient postage affixed thereon, to counsel of record listed below:

Mark Dietrichs, Esq.
Swift, Currie, McGee & Hiers, LLP
1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309

Stephen G. Weizenecker, Esq.
Weizenecker Rose Mottern & Fisher, P.C.
1800 Peachtree Street, N.W., Suite 260
Atlanta, GA 30309

This 21st day of June, 2004.

Philip W. Savrin
Georgia Bar No. 627836

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
770/818-0000 (telephone)
770/937-9960 (facsimile)