ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 9 - 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIG INSURANCE COMPANY, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| | : NO. 1 03 CV 2096 (WBH) |
| UNIVERSAL WRESTLING CORP., | : |
| INC. f/k/a WORLD CHAMPIONSHIP | : |
| WRESTLING, INC., TURNER | : |
| SPORTS, INC., TURNER | : |
| ENTERTAINMENT GROUP, INC. | : |
| SIDNEY R. EUDY, and JOHNNY | : |
| LAURINAITIS, | : |
| Defendants. | : |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11

COME NOW DEFENDANTS UNIVERSAL WRESTLING CORPORATION f/k/a/ WORLD CHAMPIONSHIP WRESTLING, INC. (erroneously named in this lawsuit as Universal Wrestling Corp., Inc.), TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC., and JOHNNY LAURINAITIS, and respectfully submit this Reply Brief in Support of Motion for Sanctions Pursuant to Rule 11, showing this Honorable Court as follows:

### Introduction

Plaintiff's unfortunate efforts to maintain this lawsuit continue. Plaintiff still ignores the direct, controlling authority of this Circuit (repeatedly cited by Defendants in their various briefs and pleadings), which holds that no actual,

present controversy exists in this case sufficient to support subject matter jurisdiction. Instead of recognizing and addressing this controlling precedent, Plaintiff simply pretends that it does not exist and inaccurately represents to this Court that the issues being litigated in this case are issues of first impression. Plaintiff's repeated refusals to address the controlling decisional authority of this Circuit is yet another example of Plaintiff's frivolous, abusive, and oppressive conduct in this action. Plaintiff should be sanctioned for that conduct, and the instant action should be dismissed.

## Background

The relevant facts and the legal positions of Defendants UWC, Turner Sports, Inc., and Turner Entertainment Group, Inc. (collectively "the Turner Defendants"), as well as Johnny Laurinaitis ("Laurinaitis"), have been fully set forth in the pleadings filed in support of their Motion for Sanctions and in the pleadings filed in support of their Motion to Dismiss and/or for Judgment on the Pleadings.

## Argument and Citation of Authority

**I. Plaintiff ignores the controlling legal authority which shows that this lawsuit should be dismissed.**

In Plaintiff's response to the instant Motion for Sanctions and in its response to Defendants' Motion to Dismiss, Plaintiff

attempts to somehow justify its continued prosecution of this case by misrepresenting to this Court that "there is no on-point authority defeating [Plaintiff's] right to litigate its coverage obligations" and that there are "no cases on point involving the unusual factual scenario presented in the instant case, let alone a case defeating [Plaintiff's] ability to litigate coverage" (emphasis in original). These statements are demonstrably false. The controlling precedent previously cited by the Defendants shows this.

Plaintiff's position appears to be that an "actual controversy" sufficient to support subject matter jurisdiction exists, even though every Defendant with a present right to coverage from Plaintiff has withdrawn its request for such coverage with prejudice, because it is hypothetically possible that Plaintiff could face a future lawsuit from Eudy, in the uncertain event that Eudy obtains a judgment against the Turner Defendants and Laurinaitis in the underlying litigation, and that judgment remains unsatisfied by Defendants.

Contrary to Plaintiff's unsupported assertion, the Turner Defendants and Laurinaitis have repeatedly pointed Plaintiff and this Court to the direct, on-point authority from this Circuit and elsewhere which specifically states that an "actual controversy" is not created where the only question is whether a

claimant - such as Eudy - could be entitled to indemnification from an insurer - such as Plaintiff - at some indefinite point in the future, in the uncertain event that the claimant obtains a judgment which is not satisfied. See, e.g., American Fidelity & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mutual Cas. Co., 280 F.2d 453 (5th Cir. 1960) (finding that a court should decline jurisdiction over cases that do not involve an insurer's duty to defend but rather only an insurer's duty to indemnify a presently non-existent judgment, because such a judgment might never occur and because "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which may readily be imagined, but may never in fact come to pass."); Allstate Ins. Co. v. Employers Liab. Assurance Corp., 445 F.2d 1278, 1281 (5th Cir. 1971) (reaffirming that "no action for declaratory relief will lie to establish an insurer's liability . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize."); Great Northern Paper Co. v. Babcox & Wilcox Co., 46 F.R.D. 67 (N.D. Ga. 1968) (following American Fidelity and finding that "the liability of [the insurer] does not even come into question until and unless [the insured] is held liable for [the claimant's injuries] and that "[t]he court should not pass on questions of

insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur," because "[t]o do so would amount to an advisory opinion, which this court cannot give."); Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc., 945 F.Supp. 1410 (M.D. Ala. 1996) (same); Allstate Indem. Co. v. Lewis, 985 F.Supp. 1341 (M.D. Ala. 1997) (same). Moreover, as pointed out repeatedly in Defendants' prior Briefs, these decisions are consistent with case law throughout the country. See, e.g., Indemnity Ins. Co. of N. Am. v. Kellas, 173 F.2d 120 (1st Cir. 1949); Outboard Marine Corp. v. Liberty Mut. Ins. Co., 607 N.E.2d 1204, 1221 (Ill. 1992); National Union Fire Ins. Co. v. Thomas M. Madden & Co., 813 F.Supp. 1349, 1353 (N.D. Ill. 1993); Hanover Ins. Co. v. Crocker, 688 A.2d 928, 929 n.1 (Me. 1997); Union Ins. Co. v. Land & Sky, 529 N.W.2d 773, 778 (Neb. 1995); Montrose Chemical Corp. v. Admiral Ins. Co., 913 P.2d 878, 884 n.9 (Cal. App. 1995); Home Exterminating Co. v Zurich Am. Ins. Group, 921 F.Supp. 318, 325 n.7 (D. Md. 1996). This authority is controlling, dispositive, and establishes that no "actual controversy" or subject matter jurisdiction exists here, where the only question is whether Plaintiff may have a duty to indemnify a speculative judgment against the Turner Defendants

and Laurinaitis which does not exist and which may never exist.[1] These cases further show that any discretion which a court may have to entertain declaratory judgment actions should be declined in the present circumstances.

These cases were previously cited in the Turner Defendants' and Laurinaitis' earlier Briefs, and Plaintiff has been afforded the repeated opportunity to address or distinguish them. Despite these opportunities, Plaintiff has ignored this authority and instead made untrue assertions that no authority exists showing that this lawsuit is improper. Further, as noted to this Court previously, courts have repeatedly held that improper, unsupportable, and unjustified assertions of federal subject matter jurisdiction in a case warrant the imposition of Rule 11 sanctions. See, e.g., Bradgate Assoc. v. Fellows, Read, & Assoc., 999 F.2d 745 (3rd Cir. 1993); Neustein v. Orbach, 130 F.R.D. 12 (E.D.N.Y. 1990). Such sanctions should be imposed here.

Plaintiff is maintaining this action only as a means of leverage and harassment, with Plaintiff expressly conditioning the voluntary dismissal of this case on the Turner Defendants'

---

[1] As pointed out in Defendants' prior Briefs, no issue exists in this case as to Plaintiff's duty to defend the Turner Defendants or Laurinaitis in the underlying lawsuit. The Turner Defendants and Laurinaitis seek no coverage from Defendants.

agreement to indemnify Plaintiff for future liability which Plaintiff <u>might</u> incur <u>if</u> Eudy were to obtain a judgment against Defendants and <u>if</u> that judgment remained unsatisfied. As pointed out to this Court previously, however, neither the policy nor applicable law requires that the Turner Defendants agree to indemnify Plaintiff, their own insurer, for such liability. Nor does such a demand for indemnification change the conclusion that no "actual controversy" exists and that this action is improper in the first place. The fact that Plaintiff is conditioning the dismissal of this action on such an indemnification agreement shows that the continuation of this action is nothing more than an abuse of judicial process to bully the Turner Defendants into entering an agreement to which Plaintiff has no right. This is exactly the type of "improper purpose" under Rule 11 for which sanctions should be imposed. <u>See</u>, <u>e.g.</u>, <u>Kunimoto v. Fidell</u>, 26 Fed. Appx. 630 (9th Cir. 2001) (assertion of frivolous litigation as part of attempt to obtain agreement is sanctionable under Rule 11).

## II. Plaintiff's misuse of a transcript of a voicemail left by Defendant's counsel should be rejected.

Plaintiff also attached to its response a transcript made of a voicemail left for Plaintiff's counsel, Phil Savrin, by Defendants' counsel, Mark Dietrichs. That voicemail was left for Mr. Savrin in response to an e-mail which Mr. Savrin sent to Mr.

Dietrichs regarding the letter sent by Mr. Dietrichs putting Plaintiff on notice of the Turner Defendants' and Laurinaitis' intention to file for Rule 11 sanctions if Plaintiff continued to pursue this baseless action.[2] In the voicemail, Mr. Dietrichs indicated to Mr. Savrin that the instant Motion for Sanctions was being filed in accordance with the instructions of the Defendants, his clients. Plaintiff quotes this voicemail out of context and misleadingly insinuates that the voicemail shows that Defendants' counsel does not believe that Plaintiff's conduct is sanctionable.

Again, though, Plaintiff overreaches. The voicemail simply indicates that Defendants' counsel was filing this Rule 11 Motion in accordance with his clients' instructions. Defendants' counsel did *not* state that the *only* reason he was filing the instant Motion was because his clients wanted him to do so, as Plaintiff contends. Defendants' counsel filed this Motion because he believed (and continues to believe) that it is wholly and entirely justified on all of the grounds set forth above. Of course, no competent attorney would file a Rule 11 Motion without consulting with his clients and without express authorization and

---

[2] Notably, Mr. Savrin failed to attach this letter or e-mail to his response to this Motion. See letter dated February 25, 2004, attached hereto as Exhibit "1, and e-mail from Mr. Savrin to Mr. Dietrichs, attached as Exhibit "2."

instruction from his clients to do so. The message left for Mr. Savrin confirms nothing more than that such instruction from Defendants had been received, and tellingly, Mr. Savrin never responded to this voicemail message to clarify or confirm its intended meaning. The Rule 11 Motion is not being filed merely to emphasize Defendants' position: It has been filed because Turner has been held hostage by a frivolous demand and has been forced to continue to incur legal fees defending a case where no controversy exists. Plaintiff continues to engage in sanctionable conduct by pursuing this frivolous litigation as a means of hectoring Defendants into indemnifying Plaintiff.[3] Plaintiff's misuse of the voicemail transcript is indicative of Plaintiff's mindset and conduct throughout this entire litigation, which led to the need for this Motion for Sanctions in the first place.

---

[3] Please note also that Plaintiff's criticisms regarding the timing of the instant Motion are misplaced. There is no requirement under the Federal Rules that this Rule 11 Motion had to be filed with the Motion to Dismiss and/or Judgment on the Pleadings or after the dismissal requested in that Motion has been granted. Defendants have given Plaintiff ample time and opportunity to dismiss this action voluntarily and avoid the imposition of sanctions, even after Defendants were forced to file their Motion to Dismiss. While Plaintiff squandered that opportunity, Defendants should not be faulted for providing Plaintiff with same.

### Conclusion

For the foregoing reasons, the Turner Defendants and Laurinaitis respectfully submit that the instant Motion should be granted, that they be awarded sanctions in the amount of their attorney's fees and costs for defending this spurious lawsuit (to be determined at a hearing on this Motion), that sanctions be imposed upon Plaintiff and its counsel, jointly and severally, and that they have such other and further relief as the Court deems appropriate under the circumstances.

In accordance with Local Rule 7.1, the undersigned counsel certifies that the foregoing Brief has been prepared with one of the fonts approved by the Court in Local Rule 5.1, specifically Courier New, 12 point.

This ___ day of July, 2004.

                            Respectfully submitted,

                            SWIFT, CURRIE, McGHEE & HIERS, LLP

                            _____
                            Mark T. Dietrichs
                            Georgia Bar No.  221722

                            _____
                            Brian M. Leepson
                            Georgia Bar No.  444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

# SWIFT, CURRIE, McGHEE & HIERS, LLP

JAMES T. McDONALD, JR.
JOHN F. SACHA
MICHAEL H. SCHRODER
STEPHEN L. COTTER
ROBERT R. POTTER
DOUGLAS A. BENNETT
MARK T. DIETRICHS
LYNN M. ROBERSON
MARK J. GOODMAN
JOSEPH A. MUNGER
R. BRIGGS PEERY
M. DIANE OWENS
K. MARC BARRÉ, JR.
C. BRADFORD MARSH
THOMAS D. MARTIN
BRADLEY S. WOLFF
FREDERICK OWEN FERRAND
JOHN W. CAMPBELL
STEPHEN M. SCHATZ
RICHARD H. SAPP, III
MICHAEL RYDER
DEBRA D. CHAMBERS
RICHARD A. WATTS
LISA A. WADE
DOUGLAS W. BROWN, JR.
CHRISTOPHER D. BALCH
ANANDHI S. RAJAN
KENNETH A. DAVID
TIMOTHY C. LEMKE
H. LEE PRUETT
MATTHEW M. LISS
JAMES F. TAYLOR, III
DAVID CHARLES KING
JAMES D. JOHNSON
CABELL D. TOWNSEND
MELISSA K. KAHREN
JENNIFER A. RIDDICK
TERRY O. BRANTLEY
ROBERT S. HUESTIS
BRIAN M. LEEPSON
J. STEPHEN BERRY

ATTORNEYS AT LAW

THE PEACHTREE

SUITE 300

1355 PEACHTREE STREET, N.E.

ATLANTA, GEORGIA 30309-3238

WWW.SWIFTCURRIE.COM

MAIN PHONE (404) 874-8800
FAX (404) 888-6199

DIRECT DIAL (404) 888-6135
e-mail: brian.leepson@swiftcurrie.com

MAREN R. FROST
CRISTINE K. HUFFINE
MICHAEL T. BENNETT, JR.
KELLEY C. HERRIN
MORGAN M. CRESSMAN
MICHAEL ROSETTI
MICHAEL P. CARESTIA
CATHERINE MAZANOVA
SARA J. SAVAGE
BENJAMIN A. LEONARD
MICHAEL R. MARTIN
C. W. TAB BILLINGSLEY, JR.
STEVEN J. DEFRANK
LAURA A. DENNARD
MELODY A. GLOUTON
STERLING A. HAWKINS
CHRISTINA J. BEVILL
S. DEANN BOMAR
JAMES S. WIDENER
GINO L. MONTOYA
BRYAN C. MAHAFFEY
NATHANIEL F. HANSFORD
M. BOYD JONES
W. DALE ELLIS, JR.
KINDU A. WALKER
DAVID W. WILLIS
HUMBERTO IZQUIERDO, JR.
TODD A. BROOKS
CAROLYN CAIN BURCH
KNICOLE C. McCARTER
JOHN M. HAMRICK
JAMIE P. WOODARD
G. GRANT GREENWOOD
MELANIE SIMONE SHIRLEY
VALERIE E. PINKETT

FRANK M. SWIFT
WARNER S. CURRIE
GLOVER McGHEE
JAMES B. HIERS, JR.
    OF COUNSEL

February 25, 2004

Philip W. Savrin, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948

Re: *TIG Insurance Company v. Universal Wrestling Corp., Inc. f/k/a World Championship Wrestling, Inc., Turner Sports, Inc., Turner Entertainment Group, Inc., Sidney R. Eudy, and Johnny Laurinaitis*
U.S. District Court for the Northern District of Georgia
Civil Action File No. 1:03-CV-2096-HTW

Dear Mr. Savrin:

We are sending this letter to you in accordance with the requirements of Rule 11 of the Federal Rules of Civil Procedure. We intend to seek sanctions against you and your client if the Complaint in the above-styled action is not withdrawn and dismissed without prejudice within twenty-one (21) days of this letter. Accompanying this correspondence is your service copy of our Motion for Sanctions and its supporting Brief. In accordance with Rule 11(d)(1), these pleadings will not be filed with the Court until the expiration of the time for you and your client to withdraw and dismiss the Complaint. As we have repeatedly emphasized, the absence of any request for coverage or a defense by the Turner Defendants and Laurinaitis means that no actual controversy exists sufficient to support subject matter jurisdiction in this case and that the issues which this declaratory judgment action seeks to raise are not yet ripe and/or are moot.



SWIFT, CURRIE, MCGHEE & HIERS, LLP

Philip W. Savrin, Esq.
February 25, 2004
Page 2

       In response to our prior request that you dismiss the Complaint for Declaratory Judgment without prejudice, you countered by stating that TIG would dismiss this action only if the Turner Defendants agree to indemnify TIG in the event that Eudy obtains an unsatisfied judgment and pursues a direct action against TIG. As indicated to you in our prior letters, that demand is inappropriate. We are unaware of any authority that supports TIG's effort to maintain a declaratory judgment action based on a demand for indemnification which is unsupported by case law or by the subject policy. In light of the Turner Defendants withdrawal with prejudice of their request for coverage or defense, TIG's declaratory judgment action has no legitimate basis, regardless of whether or not the Turner Defendants and/or Laurinaitis agree to indemnify TIG or not.

       Pursuant to Rule 11 of the Federal Rules of Civil Procedure, we again request that you dismiss the instant declaratory judgment action without prejudice. The continuation of this declaratory judgment action violates Fed.R.Civ.P. 11(b), as it is unwarranted and unsupported under the law and such a continuation would only be for improper purposes, such as harassment and to cause an increase in the costs of litigation. If you do not dismiss the action without prejudice within the next 21 days, we will seek all sanctions available under Rule 11, as shown in the enclosed Motion and Brief.

       Please do not hesitate to call if you have comments or questions.

       Very truly yours,

       SWIFT, CURRIE, McGHEE & HIERS, LLP


       Mark T. Dietrichs


       Brian M. Leepson

BML:mla
Enclosures
cc:   Stephen G. Weizenecker, Esq.

bn:

1223843v1

**From:** Phil Savrin <psavrin@fmglaw.com>
**To:** "'Mark.Dietrichs@swiftcurrie.com'" <Mark.Dietrichs@swiftcurrie.com>
**Date:** 2/26/04 2:34PM
**Subject:** Eudy case

I have received your service copy of the Rule 11 motion in this case. I can only imagine that your client is making you be this aggressive and that you personally comprehend there are legal issues to resolve even if Judge Ward ultimately grants your dismissal motion. The outcome is not as simple or straightforward as your letter and motion pretend. Please keep that in mind, as we have enjoyed a cordial relationship in this and other cases. I also note that your proposed motion omits my letter responding to your initial Rule 11 letter, a matter we will certainly bring to the judge's attention should you proceed in the manner stated. There are professional courtesies, even among adversaries.

Philip W. Savrin
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948

direct line: 770.818.1405
facsimile: 770.937.9960
e-mail: psavrin@fmglaw.com
firm website: www.fmglaw.com

The information contained in this transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this transmission is strictly prohibited. If you have received this transmission in error, please contact the sender immediately.

**CC:** "'Brian.Leepson@swiftcurrie.com'" <Brian.Leepson@swiftcurrie.com>, "Kelley R. Purdie" <kpurdie@fmglaw.com>



## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTIONS FOR SANCTIONS PURSUANT TO RULE 11** upon on all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Philip W. Savrin, Esq.
> Suite 1600
> 100 Galleria Parkway
> Atlanta, Georgia   30339-5948
> *Attorney for TIG Insurance Company*
>
> Stephen G. Weizenecker
> Weizenecker, Rose, Mottern & Fisher, PC
> Suite 620
> 1800 Peachtree Street, NW
> Atlanta, Georgia   30309
> *Attorney for Sidney R. Eudy*

This ____ day of July, 2004.

> Respectfully submitted,
>
> SWIFT, CURRIE, McGHEE & HIERS, LLP
>
> _____
> Brian M. Leepson
> Georgia Bar No. 444758

The Peachtree - Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800
(404) 888-6199 - Facsimile

1310462v1