UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIG INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE<br>NO. 1:03-CV-2096-WBH |
| UNIVERSAL WRESTLING CORP., INC. f/k/a WORLD CHAMPIONSHIP WRESTLING, INC., TURNER SPORTS, INC., TURNER ENTERTAINMENT GROUP, INC., SIDNEY R. EUDY, and JOHNNY LAURINAITIS, | |
| Defendants. | |

**ORDER**

Before the Court are Defendants' Motion to Dismiss and/or for Judgment on the Pleadings [12]; Defendants' Motion for Leave to File Amended Answers [13]; Defendants' Motion to Stay Discovery [18]; and Defendants' Motion for Sanctions [19].

**BACKGROUND**

Plaintiff TIG Insurance Company ("TIG") filed this action seeking a declaration of whether it owes liability coverage or a defense to Defendants Universal Wrestling Corporation ("UWC") f/k/a World Championship Wrestling, Inc. ("WCW"), Turner Sports Inc. and Turner Entertainment Group ("the Turner Defendants"), and Johnny Laurinaitis in an action for damages filed by Defendant Sidney Eudy in the Superior Court of Fulton County ("the Underlying Lawsuit"). Eudy, a professional wrestler for WCW, filed the Underlying Lawsuit after injuring his left leg during a

wrestling match. The Turner Defendants tendered Eudy's complaint to TIG for consideration under its Commercial General Liability insurance policy, and TIG denied coverage for the lawsuit. Eudy subsequently filed a second amended complaint asserting additional claims and adding Laurinaitis, a WCW employee, as a defendant. The Turner Defendants tendered the second amended complaint to TIG. In a letter dated May 7, 2003, TIG advised the Turner Defendants and Laurinaitis that it was willing to defend them under a reservation of rights to deny coverage, including a withdrawal of the defense at any time. TIG further conditioned its defense on a right to file a declaratory judgment action to determine its coverage obligations.

This declaratory judgment action followed on July 24, 2003. In answering the complaint, the Turner Defendants and Laurinaitis withdrew without prejudice their request for coverage from TIG for the Underlying Lawsuit. TIG then agreed to dismiss the declaratory judgment action provided that the Turner Defendants and Laurinaitis would agree to withdraw their claim with prejudice and indemnify TIG for any claim by Eudy to collect against the policy. The Turner Defendants and Laurinaitis have agreed to withdraw their request with prejudice, but not to indemnify TIG.[1] After repeated refusals by TIG to voluntarily dismiss the action, the Turner Defendants and Laurinaitis filed the motion to dismiss presently before the Court.[2]

---

[1] UCW, the Turner Defendants, and Laurinaitis have moved for leave to file amended answers that make clear that the withdrawal of their requests for insurance coverage from TIG was "with prejudice" [13]. The Federal Rules provide that such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Finding no undue delay, bad faith, or prejudice, the motion for leave to amend is GRANTED.

[2] Plaintiff alleges that at the time of the injury, WCW was a division of Turner Sports, Inc., which is a division of Turner Entertainment Group, Inc. Defendants assert that Plaintiff has misstated the corporate relationship, but represent that all three entities are entitled to dismissal on the

## DISCUSSION

The Turner Defendants and Laurinaitis (hereafter "Movants") seek dismissal for lack of subject matter jurisdiction on the ground that this action does not present an actual controversy as required under the Declaratory Judgment Act, 28 U.S.C. § 2201.[3] Movants assert that no actual controversy exists between them and TIG because they have expressly, and with prejudice, withdrawn any request for indemnification or defense from TIG in the Underlying Lawsuit. Movants acknowledge that Defendant Eudy may be entitled to file a direct action against TIG if he obtains a judgment in the Underlying Lawsuit.[4] However, Movants maintain that no justiciable controversy arises until Eudy actually obtains a judgment, and that judgment remains unsatisfied. TIG, on the other hand, argues that Eudy's potential action against TIG creates a sufficient controversy.[5]

---

grounds set forth in their motion.

[3] The Declaratory Judgment Act provides, in relevant part:

> In a case of *actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added).

[4] "The general rule is that because there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insurer or it is specifically permitted either by statute or a provision in the policy." Hartford Insurance Co. v. Henderson & Son, Inc., 258 Ga. 493, 494 (1988).

[5] TIG also contends that its reservation of rights letter created a contract between TIG and Movants, and that contract provides a basis for jurisdiction. However, it is not clear that any contract was formed because Movants did not accept the defense offered by TIG. See Richmond v. Georgia Farm Bureau Mutual Insurance Co., 140 Ga. App. 215, 224 (1976) ("An

3

The threshold question in all Declaratory Judgment Act cases is whether a justiciable controversy exists. See Atlanta Gas Light Co. v. Aetna Casualty & Surety Co., 68 F.3d 409, 414 (11th Cir. 1995). The Supreme Court has explained that "[t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests . . . It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Insurance Co. of Hartford, Connecticut v. Haworth, 300 U.S. 227, 240-41 (1937). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). Ultimately, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).

In light of the withdrawal of Movants' request for a defense or indemnification, the only remaining issue is whether TIG must provide indemnification for a judgment that Eudy has not yet obtained, and might never obtain, in the Underlying Lawsuit. Thus, the Court concludes that the controversy between Eudy and TIG is not yet of sufficient immediacy and reality to warrant an

---

insurer may not give an insured a unilateral notice of reservation of rights and thereupon proceed with a complete defense of the main claim absent insured's express or implied consent"). Furthermore, while the letter may provide for the filing of a declaratory judgment action, it does not confer jurisdiction on this Court.

action for declaratory judgment. See Allstate Insurance Co. v. Employers Liability Assurance Corp., Ltd., 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize"); Guaranty National Insurance Company v. Beeline Stores, Inc., 945 F. Supp. 1510, 1515 (M.D. Ala. 1996) (noting that the duty to indemnify is not ripe for adjudication until the insured is held liable in the underlying suit); Great Northern Paper Co. v. Babcock & Wilcox Co., 46 F.R.D. 67, 70 (N.D. Ga. 1968) ("The court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur. To do so would amount to an advisory opinion, which this court cannot give"). Cf. Maryland Casualty, 312 U.S. at 274 (finding actual controversy between insurer and injured party where there was an actual controversy between insurer and insured, as well as the possibility of inconsistent federal and state interpretations of the policy if the injured party was not joined in the federal action).

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss and/or for Judgment on the Pleadings [12] is GRANTED; Defendants' Motion for Leave to File Amended Answers [13] is GRANTED; Defendants' Motion to Stay Discovery [18] is DENIED AS MOOT; and Defendants' Motion for Sanctions [19] is summarily DENIED. This action is hereby DISMISSED.

It is so ORDERED this 26th day of July, 2004.

/S/   Willis B. Hunt, Jr.
Willis B. Hunt, Jr.
Judge, United States District Court
